# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARET SHAKESPEARE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE WELL FINANCIAL, INC., COMPU-LINK CORPORATION D/B/A CELINK and REVERSE MORTGAGE FUNDING LLC<br><br>Defendants. | Case No. 2:18-cv-07299 (SJF) (AYS)<br><br>ORAL ARGUMENT REQUESTED |

# REVERSE MORTGAGE FUNDING LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

-i-

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.   THE COURT SHOULD STAY DISCOVERY PURSUANT TO FED. R.
        CIV. P. 26 (C). .......................................................................................................... 2

        A.  RMF Has Made A Strong Showing That The Plaintiff's Claim Is
            Unmeritorious. ................................................................................................ 3

        B.  The Court Should Stay Discovery Because Discovery Is Likely To Be Broad
            and Burdensome .............................................................................................. 5

        C.  Plaintiff Would Not Be Prejudiced By A Stay Of Discovery ......................... 7

        D.  Additional Considerations Warrant A Stay of Discovery ............................... 8

        E.  The Rule 26(f) Conference And Initial Conference Should Be Adjourned ... 9

CONCLUSION .......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**PAGES**

**CASES**

*246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*,
  No. 09 Civ. 889 (NGG) (JMA), 2011 WL 13254283 (E.D.N.Y. Apr. 1, 2011)........................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................3

*Benson v. RMJ Sec. Corp.*,
  683 F. Supp. 359 (S.D.N.Y. 1988) ..........................................................................................4

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
  236 F.R.D. 113 (E.D.N.Y. Mar. 28, 2006) ...........................................................................3, 8

*Contracto Ltd. v. Fast Search & Transfer Intern.*,
  No. 12 Civ. 1930 (JS) (ARL), 2012 WL 12252587 (E.D.N.Y. July 12, 2012) ........................ 8

*In re Currency Conversion Fee Antitrust Litig.*,
  No. MDL 1409, M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002)...................................3, 7

*Gandler v. Nazarov*,
  No. 94 Civ. 2272 (CSH), 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) ....................................3

*Gardner v. Major Auto. Companies*,
  No. 11 Civ. 1664 (FB), 2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ....................................2

*Glendora v. Malone*,
  917 F. Supp. 224 (S.D.N.Y. 1996) .......................................................................................4, 7

*ITT Corp. v. Travelers Cas. & Sur. Co.*,
  No. 12 Civ. 38, 2012 WL 2944357 (D. Conn. July 18, 2012)..................................................8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).................................................................................................................2

*MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006).....................................................................................................5

*Port Dock and Stone Corp. v. Old Castle North East, Inc.*,
  No. 05 Civ. 4294 (DRH) (ETB), 2006 WL 897996 (E.D.N.Y. March 31, 2006) .................3, 5

*S. Cherry St., LLC v. Hennessee Group LLC*,
  573 F.3d 98 (2d Cir. 2009).......................................................................................................3

*STMicroelectronics N.V. v. Credit Suisse Group*,
   No. 08 Civ. 3201 (CPS) (RML), 2009 WL 10695214 (E.D.N.Y. Apr. 27, 2009) ....................7

*Telesca v. Long Island Hous. P'ship, Inc.*,
   No. 05 Civ. 5509 (ADS) (ETB), 2006 WL 1120636 (E.D.N.Y. April 27, 2006).....................8

*In re Term Commodities Cotton Futures Litig.*,
   No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738 (S.D.N.Y. May 8, 2013) .......................7

*Thomas v. New York City Dep't of Educ.*,
   No. 09 Civ. 5167 (SLT), 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) .............................4, 7

*Transunion Corp. v. PepsiCo, Inc.*,
   811 F.2d 127 (2d Cir. 1987)...................................................................................................2

**RULES**

Rule 8 ..............................................................................................................................................4

Rule 12(b)(6) ...................................................................................................................................2

Rule 19 .........................................................................................................................................2, 4

Rule 20 .........................................................................................................................................2, 4

Rule 21 .........................................................................................................................................2, 4

Rule 26 ........................................................................................................................1, 2, 5, 7, 8, 9

Defendant Reverse Mortgage Funding LLC ("RMF"), through its counsel, Lowenstein Sandler LLP, respectfully submits this Memorandum of Law in Support of its Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26(c) (the "Motion to Stay") unless or until the Court rules on RMF's motion to sever and dismiss, which was served on February 27, 2019 (RMF's "Motion to Dismiss"), as well as the Motion to Dismiss served by Compu-Link Corporation d/b/a Celink ("Celink") on February 25, 2019 (collectively, the "Pending Motions to Dismiss"), and adjourn the Rule 26(f) Conference currently set for April 1, 2019 (the "Rule 26(f) Conference") and the Initial Conference currently set for May 9, 2019 at 11:15 a.m. (the "Initial Conference") pending the outcome of the Pending Motions to Dismiss.[1]

## INTRODUCTION

By Plaintiff's own admission, this case concerns alleged servicing-related policies and practices of Defendants Live Well Financial, Inc. ("Live Well") and Celink – not RMF. (Plaintiff's Complaint ("Complaint" or "Compl.") ¶ 2.) Plaintiff concedes that she "does not allege unlawful or inequitable acts committed by RMF" in her Complaint. (Compl. ¶ 17.)

Instead, Plaintiff alleges that, because "Live Well . . . sold and assigned Plaintiff's HECM loan to RMF, effective December 1, 2018[,] . . . RMF is a necessary party capable of remedying Live Well's and Celink's unlawful and inequitable conduct." (*Id.*; *see also id.* at ¶¶ 110, 117, 129.) (alleging that RMF is a "damage defendant", and is "capable of remedying Live Well's and Celink's [alleged] unlawful acts by removing wrongful collected fees, costs, charges, interest and insurance premiums that have been added to the principal of Plaintiff's HECM loans"). As set forth in further detail in RMF's Motion to Dismiss, as well as the accompanying affidavit of Daniel McDermott, Plaintiff is simply incorrect. Indeed, RMF only has read-only

---

[1] In the event that Plaintiff amends her complaint, RMF respectfully requests that the Court stay discovery until the Court rules on any motions to dismiss Plaintiff's amended complaint.

access to Defendant Celink's ReverseServ™ software, the system used to manage records relating to Plaintiff's Loan. (Affidavit of Daniel McDermott ("McDermott Aff."), ¶ 9.) Thus, RMF is not a necessary party and has been misjoined.

Because RMF is likely to be dismissed from Plaintiff's case under Rules 12(b)(6), 19, 20, and 21, and for the additional reasons set forth below, RMF respectfully requests that the Court stay discovery pending the outcome of the Pending Motions to Dismiss, and requests that the Court adjourn the Rule 26(f) Conference and the Initial Conference.

## ARGUMENT

### I. THE COURT SHOULD STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C).

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (district court has discretion to stay discovery, generally, pending outcome of motion to dismiss). As a court in this district has noted:

> Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision [, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.

*Gardner v. Major Auto. Companies*, No. 11 Civ. 1664 (FB), 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (internal citation and quotations omitted).

In determining whether to issue a stay, a district court considers: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Port Dock and Stone Corp. v. Old Castle North East, Inc.,* No. 05 Civ. 4294 (DRH) (ETB), 2006 WL 897996, at *1 (E.D.N.Y. March 31, 2006) (*citing In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)). Courts in this district have also taken into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006) (internal citation omitted).

Each of these factors weighs in favor of granting a stay of discovery in this case.

### A. RMF Has Made A Strong Showing That The Plaintiff's Claim Is Unmeritorious.

In order to demonstrate "that the Plaintiff's claim is unmeritorious," RMF need only show that its Motion to Dismiss is "potentially dispositive, and appears to be not unfounded in the law." *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). RMF has made a strong showing that Plaintiff's claim is unmeritorious.

The Supreme Court and the Second Circuit have both recognized that, "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct." *S. Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 114 (2d Cir. 2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007)). The rationale for this rule is obvious: neither judicial economy nor the economy of the parties is served by burdening with discovery defendants who have meritorious motions to dismiss because, if successful, the motions will result in dismissal of the action. Plaintiff admits that RMF is not responsible for any alleged wrongdoing, and thus,

acknowledges that her claims against RMF lack merit. (Compl. ¶ 17.) *See Thomas v. New York City Dep't of Educ.,* No. 09 Civ. 5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (finding that defendants made a strong showing that at least some of plaintiffs' claims lacked merit where plaintiffs "all but conceded that the pleading, as currently drafted, fails to adequately state a cause of action" and where an amendment was already contemplated). Discovery should be stayed on this basis alone.

Moreover, as explained more fully in RMF's memorandum of law in support of its Motion to Dismiss, (Declaration of Jennifer Fiorica Delgado ("Delgado Decl."), Ex. A), Plaintiff is incorrect that RMF is a necessary party "capable of remedying Live Well's and Celink's [alleged] unlawful acts by removing wrongful collected fees, costs, charges, interest and insurance premiums that have been added to the principal of Plaintiff's HECM loans," Plaintiff's apparent hook to bring RMF into this case. (Compl. ¶¶ 110, 117, 129.) Therefore, RMF has been misjoined pursuant to Rules 19, 20, and 21. *See Glendora v. Malone*, 917 F. Supp. 224, 228 (S.D.N.Y. 1996) (dismissing improperly named defendant because plaintiff failed to allege facts that could tie defendant to the wrongdoing).[2] Indeed, RMF has read-only access to Celink's servicing software, and thus, cannot make any changes in the system. (McDermott Aff., ¶ 9.) *See Benson v. RMJ Sec. Corp.*, 683 F. Supp. 359, 377-78 (S.D.N.Y. 1988) (holding that misjoinder has been found "where a particular defendant lacks authority to provide the requested relief, . . . where a defendant has no discernible legal obligation to provide the requested relief, . . . or where a defendant's presence is not necessary to afford all the requested relief") (citations omitted). In addition, even if RMF could make such changes, Plaintiff does not allege that RMF is the only party that is capable of doing so. *MasterCard Int'l Inc. v. Visa*

---

[2] The analysis is largely the same, whether analyzing Plaintiff's claims for failure to state a claim for which relief can be granted under Rules 12(b) and 8, or misjoinder under Rules 19, 20, and 21.

-4-

*Int'l Service Ass'n, Inc.,* 471 F.3d 377, 385 (2d Cir. 2006) (finding that a party is necessary "only if in that party's absence 'complete relief cannot be accorded among those already parties'").

Thus, RMF has shown that Plaintiff's claims against RMF lack merit. *Port Dock and Stone Corp.,* 2006 WL 897996, at *2 (granting stay with respect to certain defendants where "the defendants raise[d] substantial issues with regard to the viability of plaintiffs' complaint as against [those defendants]," and defendants' arguments did not appear to be frivolous or unfounded).

### B. The Court Should Stay Discovery Because Discovery Is Likely To Be Broad and Burdensome.

Likewise, based on the scope of third party subpoenas and requests for production that have been served (prematurely)[3] to date, it is clear that, in the absence of a discovery stay, the breadth of discovery and the burden of responding to it will be enormous. Plaintiff concedes in her Complaint that she "does not allege unlawful or inequitable acts committed by RMF." (Compl. ¶ 17.) She also states in her letter to Magistrate Judge Shields concerning her motion for an order allowing her to serve early discovery requests (the "Letter Motion"), that RMF is merely a "required remedy defendant." (*See* Delgado Decl., Ex. B at 1.) However, as Plaintiff has made clear in the discovery she has attempted to serve to date, she has no intention of acknowledging RMF's limited role in the breadth of her discovery requests.

While the interrogatories are not directed to RMF, Plaintiff's document requests are directed at ***all*** Defendants, even RMF, and cover more than a six-year time period. (*See* Delgado Decl., Ex. C at 3 (Instruction 9).) And although Plaintiff argues that her requests are "limited to

---

[3] The procedural deficiencies of Plaintiff's discovery requests have been addressed: (1) in Live Well's letter, (Dkt. No. 39), on behalf of all Defendants, concerning Plaintiff's Letter Motion (as defined herein) (Dkt. No. 34); (2) in Live Well's motion to quash Plaintiff's third-party subpoenas served prior to the parties convening a Rule 26(f) Conference (Dkt. No. 46); and (3) in Celink's letter in response to Plaintiff's Letter Motion (Dkt. No. 49). RMF intends to join in these submissions by letter, which will be filed on the docket following the filing of RMF's Motion to Stay.

Plaintiff and her reverse mortgage loan," (Delgado Decl., Ex. B at 1), it appears her real intent is to gather information to support potential new claims against Live Well and Celink relating to improper invoicing by a law firm and process service company allegedly involved in the foreclosure law suits filed by Live Well against Plaintiff *before RMF owned the servicing rights related to Plaintiff's Loan*. (McDermott Aff., ¶¶ 4-5; Compl. ¶ 1.) (emphasis added). Indeed, Plaintiff admits as much in the Letter Motion filed by her counsel. (Delgado Decl., Ex. B at 1.) Similarly, the third party subpoenas served on Rosicki, Rosicki & Associates, P.C. ("Rosicki Subpoena"), and Enterprise Process Service, Inc. ("Enterprise Subpoena") (the "Subpoenas") include, among others, requests relating to documents and communications the subpoena targets had with **RMF**. (Delgado Decl., Ex. D, Rosicki Subpoena, Request Nos. 7, 8, 9; *id.*, Enterprise Subpoena, Request Nos. 3, 4, 5.) (emphasis added).

As an initial matter, Plaintiff has it backwards – she is not entitled to discovery in order to cure an otherwise deficient pleading, or add additional claims she does not otherwise have a basis to plead just to gain leverage in the litigation before her time to amend as of right expires. She and her lawyers were required to have a good faith basis to make the allegations in the complaint prior to filing, and she is not entitled to early discovery in order to fix her shortcomings. *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, No. 09 Civ. 889 (NGG) (JMA), 2011 WL 13254283, at *3 (E.D.N.Y. Apr. 1, 2011) (denying plaintiff's motion to compel discovery related to "hypothetical and unpleaded fraud claim" because "[u]nder no circumstances would it be appropriate to allow a party to engage in discovery as to an unpleaded and entirely distinct claim").

Even if this were an appropriate use of the discovery tools, which it is not, Plaintiff's attempt to collect broad evidence of alleged wrongdoing that occurred before RMF owned

-6-

Plaintiff's Loan, and for which Plaintiff admits RMF is not responsible, is plainly inappropriate. Indeed, "the discovery sought . . . [from RMF] bears little relevance to the claims as currently pled." *See Thomas*, No. 09 Civ. 5167 (SLT), at *4. To complicate matters, Plaintiff styles her case as a putative class action, **but asserts no class allegations against RMF**. Not only would RMF be forced to participate in merits discovery under Rule 26, it might also be burdened with class-related discovery. *Id.* (staying discovery in class action pending disposition of motion to dismiss); *see also In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *3 (partial discovery stay appropriate given discovery costs typical of antitrust cases).

Accordingly, the breadth and burden of discovery weighs in favor of a stay of discovery.

### C. Plaintiff Would Not Be Prejudiced By A Stay Of Discovery.

Moreover, a short stay during the pendency of dispositive motion practice will cause no conceivable prejudice to Plaintiff outside of "usual litigation risks that affect all parties equally." *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay of discovery, and noting that potential for faded memories and destroyed evidence were insufficient to demonstrate prejudice); *STMicroelectronics N.V. v. Credit Suisse Group*, No. 08 Civ. 3201 (CPS) (RML), 2009 WL 10695214, at *2 (E.D.N.Y. Apr. 27, 2009) (stating "the mere fact that the discovery stay will prevent plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice") (citations omitted).

This is especially true here, where any potential disadvantage to Plaintiff does not countervail substantial burden and expense of conducting time consuming fact discovery, potentially those concerning Plaintiff's class allegations, which do not pertain to RMF, pending a decision on a potentially dispositive motion. *Glendora*, 917 F. Supp. at 228 (holding that because defendant was not involved with the decision-making process that led to the alleged

wrongdoing and because defendant cannot provide relief to plaintiff, permitting plaintiff to take discovery of this defendant, would not reveal facts that tie defendant to the decision that led to the unlawful acts alleged in the complaint); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 12 Civ. 38, 2012 WL 2944357, at *3-4 (D. Conn. July 18, 2012) (granting stay of discovery because "discovery [would] be time-consuming, burdensome and expensive . . . [t]he defendant's motion [was] potentially dispositive and appear[ed] to have substantial grounds . . . [and] [t]he plaintiff's suggestion of prejudice" from a delay of discovery "because evidence might be lost" did "not countervail these considerations").

### D. Additional Considerations Warrant A Stay Of Discovery.

Finally, the additional considerations cited in *Chesney* further support RMF's Motion to Stay. *Chesney*, 236 F.R.D. at 115. This action is styled as a putative class action, which adds complexity in terms of substance and process. In addition, Celink has also filed a motion to stay discovery (Dkt. No. 49), and RMF understands that Live Well plans to join in Celink and RMF's requests for a stay. (Delgado Decl., ¶ 5.) *See Telesca v. Long Island Hous. P'ship, Inc.*, No. 05 Civ. 5509 (ADS) (ETB), 2006 WL 1120636, at *2 (E.D.N.Y. April 27, 2006) (granting stay of discovery where "all six defendants have joined in the request" to stay discovery). Moreover, this case was only recently filed by Plaintiff on December 21, 2018. (Dkt. No. 1.) The parties have not yet met and conferred in accordance with Rule 26, the Initial Conference has not yet occurred, and therefore, there is no discovery schedule in place. (Delgado Decl., ¶ 3.) Thus, there are no discovery deadlines that would need to be adjusted as a result of a discovery stay. *Contracto Ltd. v. Fast Search & Transfer Intern.*, No. 12 Civ. 1930 (JS) (ARL), 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (granting stay in newly-filed case in which stay would not disrupt progress of ongoing discovery).

For the reasons set forth above, RMF respectfully requests that the Court enter a stay of discovery during the pendency of dispositive motion practice.

### E. The Rule 26(f) Conference and Initial Conference Should Be Adjourned.

There is also no need to discuss a discovery scheduling order until the Pending Motions to Dismiss are resolved. Until then, no purpose is served by a Rule 26(f) conference or the preparation of a Joint Discovery Plan before the Court decides what claims or parties are in (or out) of this case. Thus, in addition to entering a stay of discovery, RMF respectfully requests that the Court adjourn both the Rule 26(f) Conference and the Initial Conference, pending the outcome of the Pending Motions to Dismiss.

### CONCLUSION

For the aforementioned reasons, RMF respectfully requests that the Court enter a stay of discovery, and adjourn the Rule 26(f) Conference and the Initial Conference, pending the outcome of the Pending Motions to Dismiss.

Dated: March 11, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

By: */s/ Jennifer Fiorica Delgado*
Jennifer Fiorica Delgado
Maya Ginsburg
1251 Avenue of the Americas
New York, New York 10020
Tel.: 212.262.6700
Fax: 212.262.7402
jdelgado@lowenstein.com
mginsburg@lowenstein.com

*Attorneys for Defendant Reverse Mortgage Funding LLC*