**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARGARET SHAKESPEARE, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>V.<br><br>LIVE WELL FINANCIAL, INC., COMPU-LINK CORPORATION D/B/A CELINK and REVERSE MORTGAGE FUNDING, LLC<br><br>     Defendants. | Case No. 2:18-cv-07299 (SJF) (AYS)<br><br>ORAL ARGUMENT REQUESTED |

---

### DEFENDANT COMPU-LINK CORPORATION D/B/A CELINK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY AND CONTINUE RULE 16 CONFERENCE

---

**LeClairRyan PLLC**
Jennifer L. Gray
885 Third Avenue, 16th Floor
New York, New York 10022
Tel: (213) 337-3203
Fax: (213) 624-3755
Email: jennifer.gray@leclairryan.com

**Burr & Forman LLP**
Joshua H. Threadcraft
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Tel: (205) 251-3000
Fax: (205) 413-8701
Email: jthreadcraft@burr.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................ 2

      A.    THE COMPLAINT ................................................................................... 2

      B.    PLAINTIFF'S IMPROPER DISCOVERY REQUESTS ................................. 3

LEGAL STANDARD FOR STAY OF DISCOVERY ..................................................... 5

ARGUMENT ..................................................................................................................... 6

  I.    GOOD CAUSE EXISTS TO STAY DISCOVERY BECAUSE THE
       COMPLAINT FAILS TO STATE VIABLE CLAIMS AND THE COURT IS
       LIKELY TO GRANT CELINK'S MTD ...................................................... 6

      A.    PLAINTIFF'S CLAIMS ARE BASED ON FALSE PREMISES REGARDING THE
            APPLICABLE LOAN TERMS ................................................................... 7

      B.    THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF GBL § 349 ....... 9

      C.    THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT ............ 10

  II.   ADDITIONAL FACTORS COURTS CONSIDER SUPPORT STAYING
       DISCOVERY WHILE DISPOSITIVE MOTIONS ARE PENDING ......................... 12

      A.    A STAY WILL NOT PREJUDICE PLAINTIFF BECAUSE THE DISCOVERY SHE
            SEEKS IS PREMATURE AND IMPROPER ............................................... 12

      B.    A STAY IS NECESSARY TO PREVENT DEFENDANTS FROM BEING
            SUBJECTED TO ABUSIVE DISCOVERY, NEEDLESS EXPENSE, AND UNDUE
            BURDEN ............................................................................................ 15

CONCLUSION ................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*287 Franklin Ave. Residents' Ass'n v. Meisels,*
   2012 WL 1899222 (E.D.N.Y. May 24, 2012)..........................................................13

*Altaire Pharm., Inc. v. Rose Stone Enters.,*
   2013 WL 6235862 (E.D.N.Y. Dec. 3, 2013) ............................................................11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...............................................................................................13

*Associated Mortg. Bankers, Inc. v. Calcon Mut. Mortg., LLC,*
   159 F. Supp. 3d 324 (E.D.N.Y. 2016)....................................................................11

*Axel Johnson, Inc. v. Arthur Andersen & Co.,*
   830 F. Supp. 204 (S.D.N.Y. 1993)..........................................................................11

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,*
   448 F.3d 573 (2d Cir.2006)...............................................................................10, 11

*Broder v. Cablevision Sys. Corp.,*
   418 F.3d 187 (2d Cir. 2005).....................................................................................10

*Chesney v. Val. Stream Union Free School Dist. No. 24,*
   236 FRD 113 (E.D.N.Y. 2006) ............................................................................5, 12

*Cleveland–Goins v. City of New York,*
   1999 WL 673343. (S.D.N.Y. Aug. 30, 1999) .........................................................13

*Conboy v. AT&T Corp.*
   241 F.3d 242 (2d Cir. 2001).....................................................................................10

*Contracto Ltd. v. Fast Search & Transfer Int'l,*
   2012 WL 12252587 (E.D.N.Y. July 12, 2012) .......................................................15

*First Am. Corp. v. Price Waterhouse LLP,*
   154 F.3d 16 (2d Cir. 1998).......................................................................................14

*Gardner v. Major Auto. Companies,*
   2012 WL 1230135 (E.D.N.Y. April 12, 2012) .........................................................6

*Giminez v. Law Offices of Hoffman & Hoffman,*
   2012 WL 2861014 (E.D.N.Y. July 11, 2012) .........................................................12

*Grand General Store, Inc. v. Royal Indemnity Co.*,
  1994 WL 163973 (S.D.N.Y. April 22, 1994) ................................................................. 10

*Harte v. Ocwen Fin. Corp.*,
  2018 WL 1830811 (E.D.N.Y. Feb. 8, 2018) ................................................................. 10

*Horowitz v. Stryker Corp.*,
  613 F. Supp. 2d 271 (E.D.N.Y. 2009) .......................................................................... 10

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
  12 N.Y.3d 132, 907 N.E.2d 268 (2009) ...................................................................... 11

*ITT Corp. v. Travelers Cas. & Sur. Co.*,
  2012 WL 2944357 (D. Conn. July 18, 2012) .............................................................. 15

*McBeth v. Porges*,
  171 F. Supp. 3d 216 (S.D.N.Y. 2016) ......................................................................... 13

*New York Univ. v. Cont'l Ins. Co.*,
  87 N.Y.2d 308, 662 N.E.2d 763 (1995) ........................................................................ 9

*OneWest Bank v. Serbones*,
  2016 WL 1295197 (E.D.N.Y. Mar. 7, 2016) ................................................................. 8

*OneWest Bank, N.A. v. Serbones*,
  2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016) ............................................................... 8

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
  2006 WL 897996 (E.D.N.Y. Mar. 31, 2006) ............................................................... 12

*Spagnola v. Chubb Corp.*,
  574 F.3d 64 (2d Cir. 2009) .......................................................................................... 9

*Spencer Trask Software & Info. Servs., L.L.C. v. RPost Intern. Ltd.*,
  206 F.R.D. 367 (S.D.N.Y. 2002) .................................................................................. 6

*Stikas v. J.P. Morgan Chase Bank, Nat. Ass'n*,
  2015 WL 1262203 (S.D.N.Y. Mar. 19, 2015) ............................................................. 11

*STMicroelectronics N.V. v. Credit Suisse Group*,
  2009 WL 10695214 (E.D.N.Y. Apr. 27, 2009) ........................................................... 14

*Surles v. Air France*,
  2001 WL 815522 (S.D.N.Y. July 19, 2001),
    *aff'd,* 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2011) ............................................... 14

*Teller v. Bill Hayes, Ltd.*,
   213 A.D.2d 141, 630 N.Y.S.2d 769 (2d Dep't 1995) ............................................. 9

*Thomas v. N.Y.C. Dep't of Educ.*,
   2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) ............................................. 6

*Transunion Corp. v. PepsiCo, Inc.*,
   811 F.2d 127 (2d Cir. 1987) ............................................. 6

*United States ex rel. Grubea v. Rosicki, Rosicki & Assoc., P.C.*,
   318 F. Supp. 3d 680 (S.D.N.Y. 2018) ............................................. 4

*United States v. Cnty. of Nassau*,
   188 F.R.D. 187 (E.D.N.Y. 1999) ............................................. 12

*United States v. Consol. Edison Co.*,
   1988 WL 138275 (E.D.N.Y. Dec. 15, 1988) ............................................. 13, 14

*Wells Fargo Bank, N.A. v. Sinnott*,
   2009 WL 3157380 (D. Vt. Sept. 25, 2009) ............................................. 8

**Statutes**

New York General Business Law § 349 ............................................. *passim*

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................. 14

Fed. R. Civ. P. 26(c) ............................................. 5

Fed. R. Civ. P. 26(d) ............................................. 3, 4, 5

Fed. R. Civ. P. 26(f) ............................................. 2, 3, 4

Fed. R. Civ. P. 37(a) (1) ............................................. 5

Defendant Compu-Link Corporation d/b/a Celink ("Celink"), through its counsel, LeClairRyan PLLC, respectfully submits this Memorandum of Law in Support of its Motion to Stay Discovery and Continue the Rule 16 Conference ("Initial Conference") during the pendency of dispositive motion practice.[1]

## INTRODUCTION

A Court may stay discovery upon a showing of "good cause," such as the pendency of a well-founded dispositive motion, a likelihood that the moving party will be subject to needless burden and expense unless a stay is imposed, and the lack of prejudice to the non-moving party. All of these circumstances exist here.

*First*, Celink's pending Motion to Dismiss ("MTD") (Dkt. No. 38) (Declaration of Jennifer L. Gray ("Gray Decl.") Exhibit (Exh. G) proves that the Complaint lacks a factual or legal foundation, and thus fails to state any viable causes of action. As stated in the Complaint, "this case involves Defendants' alleged practice of "improperly paying the property taxes of homeowners with [reverse] mortgage loans before those taxes are due, without contractual, or other legal authority to do so and without providing notice to the homeowners."  (Compl. ¶ 2). The Complaint is based on a false premise. The applicable mortgage provision, which addresses the lender's right to protect the property securing its loan, does *not* require the lender to wait to pay property taxes until the borrower is already delinquent or in default in the payment of his or her property taxes, nor does it require notice to the borrower before payment. The disputed tax payment was clearly permitted under the applicable provision. Because they are based on a false premise, all of Plaintiff's claims fail.

---

[1] Defendant Reverse Mortgage Funding, LLC ("RMF") has also moved to stay discovery during the pendency of dispositive motion practice. *See* Dkt. Nos. 50-53.

***Second***, a discovery stay is necessary to protect Defendants against Plaintiff's premature, improper, and abusive discovery efforts. In the short time since this action was filed, Plaintiff has sought discovery in flagrant violation of federal, local, and chambers' discovery rules. The discovery is clearly undertaken for the improper purpose of gathering evidence to bring new claims and/or amend existing claims before the deadline to amend as a matter of right. Plaintiff has even admitted that this is the purpose of discovery efforts. Defendants have already incurred substantial legal costs opposing such efforts and should not be forced to devote additional resources to Plaintiff's blatantly improper discovery.

***Third***, Plaintiff will not be prejudiced by a stay because her desire to embark on a fishing expedition is not a valid ground for pursuing discovery. The fact that a stay would prevent Plaintiff from collecting evidence to assist her in augmenting her claims, or finding new ones, does not constitute undue prejudice. In the unlikely event that any claims survive motions to dismiss, Plaintiff will be able to obtain discovery in the normal course.

A stay is proper under these circumstances. Moreover, because the parties cannot engage in a meaningful Rule 26(f) conference until they know what claims will remain in the case, Celink also requests that the Court adjourn the Initial Conference until the completion of dispositive motion practice.

## BACKGROUND

### A. THE COMPLAINT.

This action (the "Action") involves Plaintiff Margaret Shakespeare's ("Plaintiff" or "Shakespeare") Home Equity Conversion Mortgage ("HECM") (*i.e.,* reverse mortgage) loan (the "Loan"). Defendants are Live Well Financial, Inc. ("Live Well"), the loan originator, and prior to December 2018, the servicer of the Loan; Celink, the sub-servicer of the Loan (collectively with

Live Well, "Defendants"); and RMF, the current owner and loan servicer (following its purchase of the Loan in December 2018). Plaintiff's loan agreement consists of three documents: Reverse Mortgage ("Mortgage") (Gray Decl. Exh. A), Fixed Rate Note ("Note") (Gray Decl. Exh. B), and Home Equity Conversion Loan Agreement ("HECM Agreement") (Gray Decl. Exh. C) (collectively, the "Loan Agreement").

While the Complaint speaks in terms of a "policy or practice," the sparse factual allegations involve a single tax payment that Defendants made on Plaintiff's behalf in December 2015. (Compl. ¶ 38). Plaintiff claims that Defendants lacked contractual or legal authority to make this payment because she was not "delinquent" or in "default" on her property taxes. (Compl. ¶¶ 37-40). On this basis, Plaintiff asserts claims for violation of New York General Business Law ("GBL") § 349 and unjust enrichment against Celink. As discussed below, Plaintiff's Mortgage expressly addresses the circumstances under which a lender may advance a property tax payment on a borrower's behalf, and the disputed payment falls squarely within those circumstances.

### B. PLAINTIFF'S IMPROPER DISCOVERY REQUESTS.

This case is less than three months old, and Plaintiff is already seeking discovery, in violation of Fed. R. Civ. P. 26(d)'s prohibition on conducting discovery prior to the parties' Rule 26(f) conference, and other federal, local and chambers' rules. This discovery is also improper because its purpose is to assist Plaintiff in identifying possible new claims or to substantiate the existing claims, which are likely to be dismissed.

On or about February 4, 2019, Plaintiff's counsel informed Defendants he would be serving third-party subpoenas (the "Subpoenas") on Defendants' foreclosure law firm, Rosicki, Rosicki & Associates ("Rosicki") and a related entity that handles service of process, Enterprise

Process Service, Inc. ("Enterprise"). (Gray Decl. ¶¶ 5-6 and Exh. D). Several days later, without responding to Defendants' request to meet and confer regarding their objections, Plaintiff served the subpoenas. The Subpoenas are clearly improper.

First, they are premature. At the time of service, none of the Defendants had responded to the Complaint. The parties' Rule 26(f) Conference was not scheduled to occur for months. The Initial Conference was scheduled (at the time) for April 29, 2019. Plaintiff provided no excuse for blatantly violating Rule 26(d).

Second, the Subpoenas seek documents and information that are irrelevant to Plaintiff's claims.[2] While Plaintiff's claims involve Defendants' payment of Plaintiff's December 2015 property tax installment, the Subpoenas seek documents and communications concerning foreclosure fees and costs. For example, the Subpoenas seek documents and communications regarding: (i) Enterprise's billing, charging, or invoicing Rosicki, Live Well, Celink and/or RMF for Enterprise's services, or costs, or expenses and (ii) *United States ex rel. Grubea v. Rosicki, Rosicki & Assoc., P.C.,* 318 F. Supp. 3d 680 (S.D.N.Y. 2018). These requests do not even pertain to Plaintiff's loan, much less her claims. The scope of these requests leaves no doubt that Plaintiff's motive in serving premature discovery is to embark on an improper "fishing expedition" to gather documents she can use to support a new class action theory and/or new claims.

In addition to the Subpoenas, Plaintiff also seeks improper discovery directly from Defendants. (Gray Decl. ¶¶ 7-8 and Exhs. E, F). She has engaged in the same bad faith tactics as she did with respect to the Subpoenas. On or about February 20, 2019, Plaintiff's counsel asked Defendants to consent to accept service of interrogatories and document requests. Defendants

---

[2] RMF and Live Well moved to quash the Subpoenas. (Dkt. Nos. 45, 46-48, 54).

declined because discovery was premature and expressly prohibited by Rule 26(d), but indicated they were willing to engage in a meet and confer on the subject. Once again, Plaintiff forged ahead, by filing a Letter Motion for Discovery ("Letter Motion") (Dkt. No. 34), without first conferring with—or even notifying—Defendants beforehand. In her Letter Motion, Plaintiff requested permission to serve the written discovery on Defendants.[3] Defendants filed a response and a hearing is scheduled for April 4, 2019.[4]

## LEGAL STANDARD FOR STAY OF DISCOVERY

Fed. R. Civ. P. 26(c) permits a district court to stay discovery for "good cause shown." *See Chesney v. Val. Stream Union Free School Dist. No. 24*, 236 FRD 113, 115 (E.D.N.Y. 2006) (collecting cases and granting motion to stay discovery). When evaluating whether good cause exists, courts consider: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Id.* Courts may also consider "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

Good cause exists to stay discovery in this case because the Complaint fails to state viable claims and the Court is likely to grant Celink's MTD. In addition, a stay is necessary to protect Defendants from Plaintiff's premature, abusive, and needless discovery efforts, which include blatant violations of discovery rules and Plaintiff's admitted impermissible use of

---

[3] The Letter Motion does not include a good-faith certificate, specifically required by Fed. R. Civ. P. 37(a) (1).

[4] Plaintiff's rule violations are addressed in more detail in Celink's response in opposition to the Letter Motion (Dkt. No. 49) and RMF's response in opposition to the Letter Motion and in Support of Motion to Quash (Dkt. No. 54).

discovery to gather evidence for amending her Complaint to add new claims or bolster existing claims while she can amend as a matter of right.

## ARGUMENT

**I.      GOOD CAUSE EXISTS TO STAY DISCOVERY BECAUSE THE COMPLAINT FAILS TO STATE VIABLE CLAIMS AND THE COURT IS LIKELY TO GRANT CELINK'S MTD.**

A Court should grant a motion to stay discovery where a pending motion to dismiss "is potentially dispositive and appears to be not unfounded in the law." *Spencer Trask Software & Info. Servs., L.L.C. v. RPost Intern. Ltd.,* 206 F.R.D. 367 (S.D.N.Y. 2002) (citations omitted). As this Court noted in *Gardner v. Major Auto. Companies*:

> Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with "the entire purpose of the stay provision [, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim."

No. 11 Civ. 1664, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (internal citation and quotation marks omitted). Thus, where a ruling on a motion to dismiss has the potential to narrow and clarify the scope of the issues in the litigation, good cause for a stay exists. *See, e.g., Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on a motion to dismiss, because "[r]equiring extensive investigation would defeat the purpose of [the] motion") (citation omitted); *Thomas v. N.Y.C. Dep't of Educ.*, No. 09-cv-5167, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (finding that stay was favored where pending motion to dismiss had capacity to narrow issues). The Complaint fails to state a claim against Celink, and in fact, Celink's MTD establishes that Plaintiff's claims are based on a false premise that contravenes the express terms of the Loan

Agreement. At a minimum, the MTD will narrow, or eliminate issues, preventing waste of the parties' and court's resources.

A.  **PLAINTIFF'S CLAIMS ARE BASED ON FALSE PREMISES REGARDING THE APPLICABLE LOAN TERMS.**

According to the Complaint, this Action involves Defendants' purported "policy and practice" of paying property taxes of homeowners with HECM loans "before those taxes are due, without contractual or other legal authority to do so, and without providing notice to the homeowners." (Compl. ¶ 2. *See also* ¶¶ 55-56). Plaintiff specifically complains about a single property tax payment Defendants made on her behalf in December 2015 (the "Tax Payment"), after she had defaulted on a Repair Rider to her Loan Agreement and the Loan was in foreclosure.  (Compl. ¶ 37-40).

Although the Complaint implies that the Loan Agreement prohibits the lender from advancing tax payments unless the borrower is delinquent or in default of his or her property taxes, and only upon prior notice (*see, e.g.,* Compl. ¶¶ 7, 26, 37, 38, 40, 48, 50), the Loan Agreement does not impose such restrictions. Paragraph 5 of the Loan Agreement addresses the lender's right to take actions to protect its security interest and the value of the property securing its Loan. It specifically defines the circumstances under which the lender can advance payments on the borrower's behalf. Paragraph 5 does *not* require that a borrower be delinquent or in default with respect to his or her property taxes, nor does it require the lender to provide prior notice to the borrower before advancing payment. Consequently, Plaintiff's claims are based on the false premise that certain Defendants violated contractual terms that do not exist.

Paragraph 5 of the Loan Agreement provides:

> If Borrower fails to make [the] payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for

condemnation or to enforce laws or regulations), then Lender may do and pay
whatever is necessary to protect the value of the Property and Lender's rights in
the Property, including payment of taxes, hazard insurance, and other items
mentioned in Paragraph 2.

(Decl. Exh. A [Mortgage] ¶¶ 2, 5). Paragraph 2 ("Payment of Property Charges") requires the

Borrower to "pay all property charges [including] taxes … in a timely manner." The plain text of

Paragraph 5 allows the lender to "do and pay whatever is necessary," including the payment of

property taxes, to protect its security interest if "the borrower fails to perform other covenants

and agreements contained in this security agreement" or "there is a legal proceeding that may

significantly affect Lender's rights in the Property." The plain language of the Loan Agreement

clearly permitted the Tax Payment.

Plaintiff cannot read terms into the Loan Agreement that do not exist. Paragraph 5 is clear

and unambiguous—and it does not limit the lender to acting only if a borrower is already

delinquent on tax payments. It is at least very similar to lender protection clauses that appear in

most forward and reverse mortgages. Courts interpret these clauses according to their plain

meaning. *See, e.g., OneWest Bank v. Serbones*, No. 14-CV-7281(RJD)(MDG), 2016 WL

1295197, at *4–5 (E.D.N.Y. Mar. 7, 2016) (recommending that the Court award lender amounts

paid on defendant's behalf for real estate taxes and hazard insurance under a mortgage provision

allowing lender to "pay whatever is necessary to protect the value of its interest in the property"),

adopted by *OneWest Bank, N.A. v. Serbones*, 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016);

*Wells Fargo Bank, N.A. v. Sinnott,* No. 2:07 CV 169, 2009 WL 3157380, at *10 (D. Vt. Sept. 25,

2009) (holding that lender could increase the borrower's monthly payment to recoup funds

expended based on a similar provision that allowed lender to "do and pay" whatever necessary if

"Borrower fails to perform the covenants and agreements contained in this Security

Instrument..."). Because there is no contractual basis for Plaintiff's claims, and the Loan

Agreement's plain terms permitted the disputed Tax Payment, Plaintiff's entire Complaint is fatally flawed and should be dismissed.

## B.   THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF GBL § 349.

GBL § 349 makes it unlawful for any person to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or the furnishing of any service…" To state a claim under GBL § 349, Plaintiff must establish: (1) the challenged action is "consumer-oriented;" (2) the alleged act was materially misleading; and (3) the plaintiff was injured as a result of the deceptive act. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).

Plaintiff fails to satisfy even the threshold requirement of showing this Action involves a consumer-oriented practice that may cause widespread harm to consumers. The Complaint concerns a single Tax Payment that Defendants made on Plaintiff's behalf. Plaintiff's Loan Agreement establishes the circumstances under which the lender may make such a payment. Even if Plaintiff believes (incorrectly) that Paragraph 5 did not permit the Tax Payment, the issue is a contract dispute between private parties, not a "consumer-oriented" practice. "Private contract disputes or other disputes unique to the parties" do not "fall within the ambit" of GBL § 349. *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320, 662 N.E.2d 763, 770 (1995). "In other words, [an allegedly] deceptive act or practice may not be [an event] limited to just the parties." *Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141, 145, 630 N.Y.S.2d 769 (2d Dep't 1995). Plaintiff's failure to show "consumer-oriented activity" is fatal to her GBL § 349 claim.

The Complaint also does not show that Celink engaged in any "deceptive" activity. Paragraph 124 of the Complaint (part of the GBL § 349 cause of action), contains a laundry list of allegations beginning with the words "deceptively" and "unlawfully." (Compl. ¶ 124a-e, g-i). For example, Paragraph 124(g) accuses Defendants of "deceptively and unlawfully paying the

property taxes or property charges on the homes of Plaintiff [and class members] without notice in violation of mortgage and loan agreements, federal regulations, and HUD Mortgage Letters." Such "conclusory allegations [of deception]" do not state a claim under GBL § 349. *Grand General Store, Inc. v. Royal Indemnity Co.*, No. 93 Civ. 3741, 1994 WL 163973, at *4 (S.D.N.Y. April 22, 1994) (conclusory allegations cannot state a claim under GBL § 349). *See also Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (holding that the plaintiff failed to state a claim under GBL § 349 by failing not only to identify the deceptive acts but also why the acts were deceptive).

Plaintiff's attempt to establish "deceptive" conduct based on alleged violations of state laws, HUD regulations, and HUD mortgagee letters is similarly unavailing. Alleged violations of laws and regulations that lack a private right of action, such as those cited by Plaintiff, do not support a claim for violation of GBL § 349. *See, e.g., Harte v. Ocwen Fin. Corp.,* No. 13-cv-5410, 2018 WL 1830811, at *9 (E.D.N.Y. Feb. 8, 2018) (holding that the Second Circuit's decisions in *Conboy* and *Broder* establish that a plaintiff cannot maintain a GBL § 349 claim where the allegedly deceptive act is solely the violation of a statute that does not provide for a private right of action). Finally, because the Complaint identifies no "deceptive" acts, Plaintiff also fails to show that Plaintiff suffered actual injury because of a deceptive act, as she must. *Id.* Thus, the Complaint establishes none of the elements of a GBL § 349 claim.

## C. THE COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of*

*N.J., Inc.,* 448 F.3d 573, 586 (2d Cir.2006) (citations omitted). The Complaint fails to state a claim for unjust enrichment.

First, an unjust enrichment claim "may be asserted only in the absence of an agreement between the parties—be it oral, written, or implied-in-fact." *Altaire Pharm., Inc. v. Rose Stone Enters.*, No. 13–CV–4373 (JFB)(WDW), 2013 WL 6235862, at *7 (E.D.N.Y. Dec. 3, 2013) (citing *Beth Israel Med. Ctr.*, 448 F.3d at 586–87). Here, the Loan Agreement governs the parties' relationship, the Tax Payment, and the other allegations that appear in the Complaint pertaining to foreclosure, fees, and the like. *See, e.g., Stikas v. J.P. Morgan Chase Bank, Nat. Ass'n*, No. 14 CIV. 1277 (PAC), 2015 WL 1262203, at *5 (S.D.N.Y. Mar. 19, 2015) (dismissing unjust enrichment claim based on defendants' collection of unlawful attorneys' fees "in the face of a valid and enforceable written agreement") (citations omitted); *Associated Mortg. Bankers, Inc. v. Calcon Mut. Mortg., LLC,* 159 F. Supp. 3d 324, 337 (E.D.N.Y. 2016) (unjust enrichment claim "only applies in the absence of an express agreement"). Plaintiff's unjust enrichment claim fails for this reason alone.

Next, the Complaint fails to show that Defendants were enriched at Plaintiff's expense. While Plaintiff claims that Defendants assessed unwarranted fees to her Loan, she does not claim that she ever paid them or show how Defendants were enriched at her expense. (Compl. ¶¶ 28-30). The failure to allege these facts is fatal. *See, e.g., IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 907 N.E.2d 268, 274 (2009) (dismissing claim for unjust enrichment where plaintiff "did not pay the alleged fees"); *Axel Johnson, Inc. v. Arthur Andersen & Co.,* 830 F. Supp. 204, 212 (S.D.N.Y. 1993) (holding that "no cause of action for unjust enrichment lies for hypothetical future liabilities"). Thus, the unjust enrichment claim requires dismissal.

Because Celink's MTD is likely to dispose of the claims against it, a stay of discovery is proper. *See, e.g., United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where the pending motion to dismiss, "if successful, would be dispositive of the entire action"); *Giminez v. Law Offices of Hoffman & Hoffman,* No. 12-Civ-0669, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery where defendants "present[ed] substantial reasons why plaintiffs' [claims] should be dismissed"); *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* No. 05-cv-4294, 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006) (staying discovery during pendency of motion to dismiss where "defendants raise[d] substantial issues with regard to the viability of plaintiffs' Complaint as against defendants […], and defendants' arguments [did] not appear to be frivolous or unfounded."). Celink also requests that the Court adjourn the Initial Conference pending the Court's ruling on Celink's MTD, as the parties cannot engage in a meaningful Rule 26(f) conference until they know what claims will remain in the Complaint.

## II. ADDITIONAL FACTORS COURTS CONSIDER SUPPORT STAYING DISCOVERY WHILE DISPOSITIVE MOTIONS ARE PENDING.

Along with the existence of a well-founded dispositive motion, other factors courts consider when determining whether a stay is appropriate include (1) the breadth of discovery and the burden of responding to it; (2) the risk of unfair prejudice to the party opposing the stay; (3) the nature and complexity of the action; (4) whether some or all the defendants have joined in the request for a stay; and (5) the posture or stage of the litigation. *See generally Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). These factors strongly support a stay of discovery.

### A. A STAY WILL NOT PREJUDICE PLAINTIFF BECAUSE THE DISCOVERY SHE SEEKS IS PREMATURE AND IMPROPER.

The circumstances surrounding Plaintiff's discovery-related actions prove that she is trying to gather documents and information in the hope of stumbling upon facts that would

support filing new claims against Defendants. In her Letter Motion to the Court seeking approval to serve Defendants with discovery requests, she admitted that she would use the materials to decide whether to "file an amended Complaint adding claims or Parties." (*See* Letter Motion, Dkt. No. 34 at 1). In other words, Plaintiff hopes to embark on a "fishing expedition" in search of facts to bolster her existing claims or create new ones.

Plaintiff has it backwards—she must state a viable claim *before* she may take discovery. As the Supreme Court clarified in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), "Rule 8… does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. *See also McBeth v. Porges*, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016) ("[T]he Federal Rules of Civil Procedure do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation"). "Discovery [is] not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Cleveland–Goins v. City of New York*, No. 99 Civ. 1109, 1999 WL 673343, *2 (S.D.N.Y. Aug. 30, 1999).

Plaintiff was required to have a good-faith basis, supported by facts, for the claims she asserts *before* she filed the Action. "Discovery [may not] be used as 'a hunting license to conjure up a claim that does not exist." *287 Franklin Ave. Residents' Ass'n v. Meisels,* No. 11-CV-976, 2012 WL 1899222, at *6 (E.D.N.Y. May 24, 2012) (quotations omitted). "Where a party is unable to specifically allege a cause of action, that party may not seek to substantiate its claim through overly broad discovery." *United States v. Consol. Edison Co.*, No. CV-88-0049, 1988 WL 138275, at *1 (E.D.N.Y. Dec. 15, 1988).

Plaintiff's discovery activities are not even limited to gathering new facts to support existing claims (which is not permitted). The Subpoenas seek information that is not "relevant to

any party's claim or defense" and serve no purpose other than allowing Plaintiff to embark on a fishing expedition for new claims. *See* Rule 26(b)(1) (limiting discovery to "non-privileged matter that is relevant to any party's claim or defense"). *See also First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998) (noting that the scope of discovery from a non-party under Rule 45 is the same as from a party under Rule 34, *i.e.,* within the scope of Rule 26(b)). For example, one of the Subpoenas seeks documents and information relating to Enterprise's billing, charging, and invoicing Defendants for services they perform. Since the Complaint involves Defendants' payment of Shakespeare's December 2015 tax payment, the Subpoenas can serve no purpose other than to facilitate a fishing expedition for new claims. Courts uniformly condemn such discovery abuse. *See, e.g., Consolidated Edison*, 1988 WL 138275, at \*1-2 (rejecting discovery that constituted no more than a fishing expedition by the plaintiff to discover additional violations beyond those alleged in the complaint); *Surles v. Air France*, No. 00CIV5004, 2001 WL 815522, at \*4 (S.D.N.Y. July 19, 2001), *aff'd*, No., 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001) ("discovery requests [can]not be based on pure speculation or conjecture.").

Plaintiff will not be prejudiced by a stay because her desire to embark on a fishing expedition is not even a valid ground for pursuing discovery. *See, e.g., STMicroelectronics N.V. v. Credit Suisse Group*, No. 08 Civ. 3201 (CPS) (RML), 2009 WL 10695214, at \*2 (E.D.N.Y. Apr. 27, 2009) (noting that the "mere fact that the discovery stay will prevent plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice") (citations omitted).

Plaintiff also will not be prejudiced by a stay because this case is in its early stages. The Court has not ruled on pending motions to dismiss and the Initial Conference has not yet

occurred. Because the Court has not issued a scheduling order, a stay would not require any deadlines to be adjusted. *See, e.g., Contracto Ltd. v. Fast Search & Transfer Int'l,* No. CV 12-1930 (JS) (ARL), 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (granting stays in the recently filed case because it would not disrupt ongoing discovery). If any claims survive dispositive motions, Plaintiff may obtain discovery related to those claims in the normal course. *See ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 12-Civ-38, 2012 WL 2944357, at *3-4 (D. Conn. July 18, 2012).

### B. A STAY IS NECESSARY TO PREVENT DEFENDANTS FROM BEING SUBJECTED TO ABUSIVE DISCOVERY, NEEDLESS EXPENSE, AND UNDUE BURDEN.

All Defendants seek a stay of discovery to prevent Plaintiff's discovery abuses. RMF has filed a separate motion to stay discovery and Live Well joins in this Motion. Just three months into the case, the Defendants already have incurred substantial burden and expense opposing Plaintiff's premature and improper discovery. Plaintiff's utter disregard for, and failure to follow any rules, whether federal, local, or chambers', alone warrants a stay of discovery. Plaintiff cannot be permitted to seek leverage by forcing Defendants to incur legal costs in fending off Plaintiff's egregious discovery abuses and rule violations. Further, there is no reason to expect Plaintiff to curtail her abusive tactics, absent a stay. Plaintiff's own admissions and actions underscore the Complaint's deficiencies. A stay is necessary here to protect Defendants from being further subjected to Plaintiff's abusive discovery tactics and, thus, compelled to devote more time, expense, and resources to needless, improper discovery.

# CONCLUSION

Celink requests that the Court stay discovery and adjourn the Initial Conference pending resolution of the dispositive motions because pending motions are likely to dispose of Plaintiff's claims, and a stay is necessary to protect Defendants from Plaintiff's premature, irrelevant, and improper discovery tactics.

Dated: March 15, 2019

Respectfully submitted,

**LeClairRyan PLLC**
By: */s/ Jennifer L. Gray* _____

Jennifer L. Gray
885 Third Avenue, 16th Floor
New York, New York 10022
Tel: (213) 337-3203
Fax: (213) 624-3755
Email: jennifer.gray@leclairryan.com

Megan S. Ben'Ary
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Tel: (703) 647-5933
Fax: (703) 647-5983
Email: megan.benary@leclairryan.com

**Burr & Forman LLP**
Joshua H. Threadcraft
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Tel: (205) 251-3000
Fax: (205) 413-8701
Email: jthreadcraft@burr.com