```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET SHAKESPEARE, on behalf
of herself and all others similarly situated,

                         Plaintiff,                             REPORT AND
                                                                RECOMMENDATION
          -against-                                             CV 18-7299 (SJF)(AYS)

LIVE WELL FINANCIAL, INC.,
COMPU-LINK CORP., doing business as
CELINK, and REVERSE MORTGAGE
FUNDING, LLC.,

                         Defendants
-------------------------------------------------------------X
```

**SHIELDS, Magistrate Judge:**

This is an action commenced by Plaintiff, Margaret Shakespeare ("Plaintiff" or "Shakespeare"), against Defendants Live Well Financial, Inc. ("Live Well"), Compu-Link Corporation, d/b/a/ Celink ("Celink") and Reverse Mortgage Funding, LLC ("RMF"). See Docket Entry herein ("DE") [1]. Live Well is presently in bankruptcy, in an involuntary proceeding pending in the District of Delaware. See DE [100].[1] This matter continues against the remaining Defendants.

Plaintiff owns property upon which she obtained a home equity conversion loan (the "Loan") and, in connection therewith, entered into a Home Equity Conversion Mortgage (the "HECM" or the "Mortgage"). The HECM is a mortgage instrument akin to those commonly

---

[1] Live Well's counsel has been relieved from representing Live Well herein. Since entering bankruptcy, Live Well has not engaged new counsel. Plaintiff has not discontinued this matter as against Live Well. She states that she will continue to monitor the bankruptcy proceedings, and if appropriate, may file a motion in that proceeding to lift the stay imposed therein. See Electronic Order dated June 20, 2019; DE [100].

1

referred to as a "reverse" mortgages. The instruments are similar in that, generally, both require no payment by the borrower until either the death of the borrower or transfer of the mortgaged property.

Plaintiff's claims are based upon the alleged improper and unlawful payment of property taxes on her home by Live Well in 2016. Briefly stated, Plaintiff alleges that the payment of her taxes took place without justification or notice, and that such payment resulted in the unlawful assessment of fees adding to the total of Plaintiff's Loan. Styling this action as a class action pursuant to Rules 23(a)(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff alleges a "policy and practice of improperly paying the property taxes of homeowners" with HECM's without authority or proper notice. She alleges claims for breach of contract, breach of the implied covenants and duties of good faith and fair dealing, unjust enrichment, and pursuant to Section 349 of the General Business Law of the State of New York, N.Y. Gen. Bus. L. §349 ("Section 349").

The Honorable Sandra J. Feuerstein has referred three motions for Report and Recommendation, to this Court. Those documents appear as Docket Entries [82], [83] and [109]. This Court held oral argument on the motions on February 4, 2020. This Report and Recommendation addresses the motion of RMF, appearing as Docket Entry [82] herein, to sever and dismiss. For the reasons set forth below (as summarized at oral argument), this Court respectfully recommends that the RMF's motion to dismiss, pursuant to Rule 12(b)(6) be granted. To the extent that RMF also seeks to sever, that motion should be denied as moot.

DISCUSSION

I. Legal Principles

    A. Standards on Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555). As required in the context of this motion to dismiss the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see

International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

II.     The Motion is Granted

The Court need go no further than the allegations set forth in Plaintiff's Complaint in search of a reason to grant the motion to dismiss. As pointed out during oral argument, that pleading alleges no wrongdoing on the part of RMF. Indeed, in her Complaint, Plaintiff states specifically that RMF engaged in no wrongdoing. DE [1] at 17. This allegation is not surprising in light of the fact that any wrongdoing alleged by Plaintiff occurred years before RMF acquired any rights with respect to Plaintiff's mortgage.

Plaintiff concedes, as she must, that RMF engaged in no wrongdoing in connection with the factual allegations of the Complaint. Instead, it is argued that RMF must be required to stay in this action because it is a "remedy defendant." The Court rejects this argument as a reason for naming this Defendant and requiring that it remain a Defendant herein. Plaintiff nowhere shows that RMF possesses the power to effectuate any changes with respect to her mortgage.  Indeed, RMF states, in its motion and at oral argument that it is Celink, and not RMF, that has the power to effectuate any changes that might be ordered as a result of Plaintiff prevailing in this lawsuit. DE [82-5] at ¶5. Moreover, in an effort to reach a practical resolution of the "remedy defendant" argument, RMF states that is would abide by any judgment or court order requiring it to accomplish any modifications. It also states that it would advise Celink to do the same. See DE [82-5] at ¶11; [82-9] at ¶5.

Plaintiff was not willing to enter into any such stipulation with RMF, and therefore no agreement was reached to release RMF from this lawsuit. The Court notes, however, that requiring RMF to enter into any such stipulation, although clearly well intentioned, puts the cart

4

before the horse. Here, Plaintiff has not alleged any actionable conduct on the part of RMF. It is therefore unnecessary for it to make any representations. Nor is it necessary for this Court to consider any facts outside of the Complaint.

Finally, the Court also rejects the notion that RMF will suffer no prejudice if it is required to remain in this action. The mere fact that RMF was required to engage counsel and continue to incur fees in a case where Plaintiff alleges no wrongdoing is enough to show prejudice.

For the foregoing reasons the Court recommends that the case against RMF be dismissed. Of course, Plaintiff is free to seek any appropriate third-party discovery from RMF. This dismissal is therefore recommended to be without prejudice should discovery reveal any claim of actual liability on the part of RMF. However, at the present time, Plaintiff alleges no facts whatsoever against RMF. It is therefore recommended that the motion of RMF to dismiss the complaint be granted without prejudice.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommend that the motion of Reverse Mortgage Funding to dismiss, appearing at Docket Entry [82] herein, be granted for failure to state a claim. To the extent that RMF seeks severance, it is recommended that the motion be denied as moot.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing

objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
February 5, 2020

      /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge