UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET SHAKESPEARE, on behalf
of herself and all others similarly situated,

                       Plaintiff,                      **REPORT AND RECOMMENDATION**

      -against-                   CV 18-7299 (SJF)(AYS)

LIVE WELL FINANCIAL, INC.,
COMPU-LINK CORP., doing business as
CELINK, and REVERSE MORTGAGE
FUNDING, LLC.,

                       Defendants
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

This is an action commenced by Plaintiff, Margaret Shakespeare ("Plaintiff" or "Shakespeare"), against Defendants Live Well Financial, Inc. ("Live Well"), Compu-Link Corporation, d/b/a/ Celink ("Celink") and Reverse Mortgage Funding, LLC ("RMF"). See Docket Entry herein ("DE") [1]. Live Well is presently in bankruptcy, in an involuntary proceeding pending in the District of Delaware. See DE [100].[1] This matter continues against the remaining Defendants.

Plaintiff owns property upon which she obtained a home equity conversion loan (the "Loan") and, in connection therewith, entered into a Home Equity Conversion Mortgage (the "HECM" or the "Mortgage"). The HECM is a mortgage instrument akin to those commonly

---

[1] Live Well's counsel has been relieved from representing Live Well herein. Since entering bankruptcy, Live Well has not engaged new counsel. Plaintiff has not discontinued this matter as against Live Well. She states that she will continue to monitor the bankruptcy proceedings, and if appropriate, may file a motion in that proceeding to lift the stay imposed therein. See Electronic Order dated June 20, 2019; DE [100].

1

referred to as "reverse" mortgages. The instruments are similar in that, generally, both require no payment by the borrower until either the death of the borrower or transfer of the mortgaged property.

Plaintiff's claims are based upon the alleged improper and unlawful payment of property taxes on her home by Live Well in 2016. Briefly stated, Plaintiff alleges that the payment of her taxes took place without justification or notice, and that such payment resulted in the unlawful assessment of fees adding to the total of Plaintiff's Loan. Styling this action as a class action pursuant to Rules 23(a)(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff alleges a "policy and practice of improperly paying the property taxes of homeowners" with HECM's without authority or proper notice. She alleges claims for breach of contract, breach of the implied covenants and duties of good faith and fair dealing, unjust enrichment, and pursuant to Section 349 of the General Business Law of the State of New York, N.Y. Gen. Bus. L. §349 ("Section 349").

The Honorable Sandra J. Feuerstein has referred three motions for Report and Recommendation to this Court. Those documents appear at Docket Entries [82], [83] and [109]. This Court held oral argument on the motions on February 4, 2020. This Report and Recommendation addresses the motion to dismiss of Celink, appearing as Docket Entry [109] herein, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below (as summarized at oral argument), this Court respectfully recommends that Celink's motion to dismiss, be denied.[2]

---

[2] This report and recommendation addresses Celink's motion appearing at Docket Entry [109]. Celink's motion appearing at Docket Entry No. [83] will be addressed in a separate report and recommendation.

DISCUSSION

I. Legal Principles

    A. Standards on Rule 12(b)(1) Motion to Dismiss

Pre-answer motions to dismiss for lack of standing are governed by Federal Rule of Civil Procedure 12(b)(1). See Fed. R. Civ. P. 12(b)(1) (permitting dismissal for "lack of subject-matter jurisdiction"); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (noting that a plaintiff must have standing under Article III of the Constitution to invoke a federal court's subject-matter jurisdiction). As the party invoking the court's jurisdiction, Plaintiff bears the burden of proof of establishing standing. Carter, 822 F.3d at 56 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Thus, at the pleading stage, Plaintiff must allege "facts that affirmatively and plausibly suggest" standing to sue. Carter, 822 F.3d at 56 (quoting Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d. Cir. 2011)). Where, as here, a Rule 12(b)(1) motion is based solely on the allegations of the complaint, the court accepts as true those allegations and draws all reasonable inferences in favor of Plaintiff. Carver v. City of New York, 621 F.3d 221, 225 (2d Cir. 2010); Disability Rights New York v. New York State, No. 17-CV-6965, 2019 WL 2497907, at *4 (E.D.N.Y. June 14, 2019) (report and recommendation).

    B. Standing

To have standing under the Constitution Plaintiff must show: "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest,'; (2) causation in form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." Disability Rights, 2019 WL 2497907, at *4 (E.D.N.Y. June 14, 2019)

(quoting <u>W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP</u>, 549 F.3d 100, 106-07 (2d Cir. 2008) (additional citation omitted) (emphasis omitted).

II.  <u>The Motion Should be Denied</u>

Celink argues that Plaintiff's Complaint must be dismissed for lack of standing because Plaintiff cannot show, and has not properly alleged, injury traceable to the allegedly wrongful conduct. It is argued that the wrongful conduct alleged, <u>i.e.</u>, the payment of Plaintiff's property taxes, resulted in no harm to Plaintiff. In particular, Celink notes that any foreclosure fees added to Plaintiff's loan cannot be causally related to the allegedly wrongful payment of taxes. It is also argued that because the loan at issue is a reverse mortgage, Plaintiff has no personal liability on the loan. It is accordingly argued that Plaintiff suffers no harm as a result of any fees added to the loan as a result of the allegedly premature tax payment. Plaintiff, relying on the light burden she bears at this juncture of the litigation, argues that she has properly alleged standing. The Court agrees.

Plaintiff alleges that she has suffered injury as a result of fees added to her loan. Those fees were added, at least in part, because her property taxes were prematurely paid. While the Court is not reporting and recommending on the merits of Plaintiff's claim against Celink, it does hold that Plaintiff has properly alleged standing at the pleadings stage. Accordingly, the Court recommends that Celink's motion to dismiss, pursuant to Rule 12(b)(1), be denied.

<u>RECOMMENDATION</u>

For the foregoing reasons, the Court respectfully recommends that Defendant Celink's motion to dismiss, appearing at Docket Entry [109] herein, be denied.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
February 5, 2020

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge