UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARGARET SHAKESPEARE, on behalf of
Herself and all other similarly situated,

       Plaintiff,

          v.

LIVE WELL FINANCIAL, INC.,
COMPU-LINK CORP., d/b/a CELINK, and
REVERSE MORTGAGE FUNDING, LLC,

       Defendants.
-----------------------------------------------------------------x

**FILED**
**CLERK**

9/15/2020 2:50 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Case No.: 18-cv-7299 (SJF)(AYS)
**ORDER ADOPTING**
**REPORT &**
**RECOMMENDATION**
(ECF No. 113)

FEUERSTEIN, Senior District Judge:

I.    <u>Introduction</u>

       Plaintiff Margaret Shakespeare ("Plaintiff") commenced this action against Defendants

Live Well Financial, Inc. ("Live Well"), Compu-Link Corporation, d/b/a Celink ("Celink"), and

Reverse Mortgage Funding, Inc. ("RMF"; collectively with Live Well and Celink, the

"Defendants") claiming that because of Live Well's and Celink's policy and practice of

improperly paying the property taxes of homeowners with federally-insured reverse mortgages

before those taxes are due, among other things, the outstanding balance of her reverse mortgage

loan (hereafter, the "Loan") has been wrongfully increased with related charges, attorneys' fees,

and other amounts.  (*See* ECF No. 1 ("Complaint"), at ¶2.)  While Plaintiff "does not allege

unlawful or inequitable acts committed by RMF" "[a]t this time," she does allege that, as the

assignee of her Loan, "RMF is a necessary party capable of remedying Live Well's and Celink's

unlawful and inequitable conduct."  (*Id.* at ¶17.)  In response, RMF moved pursuant to Rules

12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure to be dismissed from Plaintiff's

1

action or, alternatively and pursuant to Rules 19, 20, and 21 of the Federal Rules, to be severed

from the action (*see* ECF No. 82; *see also* ECF No. 82-1 ("Dismissal Motion")), which Plaintiff

opposed.  (*See* ECF No. 82-6 ("Opposition" or "Opp'n").)  The Dismissal Motion was referred to

Magistrate Judge Anne Y. Shields for a report and recommendation.  (*See* SJF May 23, 2019

electronic "ORDER REFERRING MOTIONS".)

Presently before the Court is the Magistrate Judge's February 5, 2020 Report and

Recommendation (hereafter, "Report") recommending that the Dismissal Motion be granted to

the extent it seeks dismissal and denied as moot to the extent it seeks severance.  (*See* Report

(ECF No. 113).)  Plaintiff objects to the Report (hereafter, "Objection") (*see* ECF No. 118), to

which RMF has responded (hereafter, "Response") (*see* ECF No. 125).  For the reasons that

follow, the Court overrules Plaintiff's objections and adopts Magistrate Judge Shields' Report in

its entirety.


II.    Background

Plaintiff has not raised any specific objections to the Magistrate Judge's succinct

recitation of the factual background precipitating this action.  Hearing no objection to this

statement of facts and finding it accurately represents same, it is adopted in its entirety and

restated herein: [1]

> Plaintiff owns property upon which she obtained a home
> equity conversion loan (the "Loan") and, in connection therewith,
> entered into a Home Equity Conversion Mortgage (the "HECM" or
> the "Mortgage").  The HECM is a mortgage instrument akin to
> those commonly referred to as a "reverse" mortgages.  The
> instruments are similar in that, generally, both require no payment

---

[1]  Terms of art defined in the Report are incorporated and used herein, with the parties'
familiarity therewith assumed.

by the borrower until either the death of the borrower or transfer of
the mortgaged property.

Plaintiff's claims are based upon the alleged improper and
unlawful payment of property taxes on her home by Live Well in
2016.  Briefly stated, Plaintiff alleges that the payment of her taxes
took place without justification or notice, and that such payment
resulted in the unlawful assessment of fees adding to the total of
Plaintiff's Loan [(hereafter, the "Disputed Loan Amount")].
Styling this action as a class action pursuant to Rules 23(a)(b)(2)
and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff alleges
a "policy and practice of improperly paying the property taxes of
homeowners" with HECM's without authority or proper notice.
She alleges claims for breach of contract [(First Cause of Action)],
breach of the implied covenants and duties of good faith and fair
dealing [(Second Cause of Action)], unjust enrichment, and
pursuant to Section 349 of the General Business Law of the State
of New York, N.Y. Gen. Bus. L. § 349 ("Section 349") [(Third
Cause of Action)].

(Report at 1-2.)

Further, as to those causes of action raised against RMF, *i.e.*, Plaintiff's First, Second,

and Third Causes of Action, Plaintiff alleges only that "RMF is a damage defendant to [each]

claim, capable of remedying Live Well's and Celink's unlawful acts by removing [the Disputed

Loan Amount] that ha[s] been added to the principal of Plaintiff's . . . [L]oan."  (*Id.* at First

Cause of Action, ¶110; Second Cause of Action, ¶117; and, Third Cause of Action, ¶129.)  These

causes of action rest upon two allegations, only one of which is specific to RMF, *to wit*:

Defendant RMF is a Delaware limited liability company
with its principal place of business in New Jersey and offices in
New York within this District.  RMF is a lender and servicer of
HECM loans in New York and throughout the United States,
claiming on its website to be, "one of the nation's leading reverse
mortgage lenders."  On November 15, 2018, Live Well notified
Plaintiff that it had sold and assigned Plaintiff's . . . [L]oan to
RMF, effective December 1, 2018.  As a result, RMF is a
necessary party capable of remedying Live Well's and Celink's
unlawful and inequitable conduct.  *At this time, Plaintiff does not
allege unlawful or inequitable acts committed by RMF*.

3

(Complaint, ¶17 (emphasis added).)  The other relevant allegation pertaining to RMF is

Plaintiff's assertion that "Celink was the servicer or subservicer of Plaintiff Shakespeare's . . .

[L]oan provided by Live Well and continues in that role for RMF.  *Celink operates as an agent*

*for its principals* Live Well and *RMF*."  (*Id.* at ¶16.)  In her Prayer for Relief, the sole relief

sought as to RMF is an order requiring it to remove the Disputed Loan Amount from Plaintiff's

Loan.  (*See id.*, Prayer for Relief, ¶(K).)

     *B.  Procedural Background*

     After its referral to her, Magistrate Judge Shields held a hearing on RMF's Dismissal

Motion, as well as on Celink's two dismissal motions.  (*See* ECF No. 112 (Minute Order noting

arguments heard and decisions reserved); *see also* ECF No. 120 (Feb. 4, 2020 Hr'g Tr.

(hereafter, "Hr'g Tr.")).)  In opposing RMF's Dismissal Motion, Plaintiff argued that: (1) RMF

is a "relief defendant" (Hr'g Tr. 37:16) who: "ultimately [is] standing in the shoes of Live Well"

(*id.* at 37:24-25) and is "the principal" (*id.* at 38:7); is "able to remedy the actual injury because

[it] ha[s] access the funds" (*id.* at 38:1-3); and, "would benefit from the ill-gotten gains at the end

of the case" (*id.* at 38:3-4); and (2) Celink's lack of privity with her would somehow preclude it

from removing the Disputed Loan Amount from her Loan if so ordered by the Court (*see id.* at

38:22-25, 39:12-15).  RMF countered that it was not a necessary party to the action because it is

not needed for the Court to order the removal of the Disputed Loan Amount (*see id.* at 39:23-

40:1), as well as noting that there are no allegations in the Complaint that it is in privity with

Plaintiff (*see id.* at 41:17-24).  Magistrate Judge Shields informed the parties that she would be

recommending RMF's Dismissal Motion be granted, stating:

> Plaintiff herself states that RMF engaged in no wrongdoing.  RMF
> could not have engaged in the wrongful conduct that is alleged in
> the complaint.  Those activities took place in . . . 2015, three years
> before RMF was even involved in any way in this action.

I'm rejecting the argument that RMF has to stay in because it's a so-called remedy defendant.

Like any other person or entity, RMF can be bound to comply with an order of this Court.  Indeed RMF has on record stipulated that it would certainly be bound by any court order and has stated, if there's a reversal of charges or anything that they -- that needs to be done, they would agree to be bound by it.  I'm putting that in the order as well.  Plaintiff, as I said, can seek any third-party discovery they want from RMF, any appropriate third-party discovery.

I'm going to recommend that the case be dismissed against RMF.  That dismissal will be without prejudice *should discovery reveal any actual misconduct on the part of RMF*.  At that time, the plaintiff could move to amend if there were any facts.  But at the present time, there are absolutely no facts alleged for wrongful conduct whatsoever against RMF.  They're not a necessary party.  They should not be in this lawsuit.

(*Id.* at 43:23-44:22 (emphasis added.)

In conformity with her oral ruling, on February 5, 2020, the Magistrate Judge issued her Report recommending RMF's Dismissal Motion be granted.  (*See* Report.)  Plaintiff timely filed her Objection, with RMF filing a timely Response thereto.

III.  Applicable Standards

*A.  Report and Recommendation Standard of Review*

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also*

*Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    *B. Rule 12(b)(6) Dismissal*[2]

    To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (20007); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119-20 (2d Cir. 2010)(discussing the *Iqbal/Twombly* pleading standard, which does not apply any "heightened" pleading standard, but does require "factual amplification [where] needed to render a claim plausible")(quoting *Turkmen v. Ashcfroft*, 589 F.3d 542, 546 (2d Cir. 2009); further citation omitted). Thus, facial plausibility is established by pleading factual content sufficient to allow a court to reasonably

---

[2] Because Magistrate Judge Shields based her recommendation that RMF be dismissed from this action upon Rule 12(b)(6) and this Court is adopting that recommendation in its entirety, it is not necessary to discuss the Rule 21 severance standard, which forms the basis for RMF's alternative dismissal argument and which, in any event, is based upon a court's discretion. *See, e.g.*, *New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court."); *Compania Embotelladora del Pacifico v. Pepsi Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y. 2009)(quoting *Hendrickson Bros.* and stating that "[s]everance is proper when it will serve the ends of justice and further the prompt and efficient disposition of litigation." (internal quotation marks and citation omitted)).

infer a defendant's liability.  *See Twombly*, 550 U.S. at 556.  "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 555.  Nor

is a pleading that offers nothing more than "labels and conclusions" or "formulaic recitation of

the elements of a cause of action" sufficient.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 555).  Further, in deciding a Rule 12(b)(6) dismissal motion, a court must liberally construe

the claims, accept all factual allegations in the complaint as true, and draw all reasonable

inferences in favor or the Plaintiff.  *See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631

F.3d 57, 63 (2d Cir. 2011).

     In deciding a motion pursuant to Rule 12(b)(6), the Court must limit itself to the facts

alleged in the pleading, which are accepted as true; to matters of which judicial notice may be

taken, such as publicly available agency documents, *see, e.g. In re Frito-Lay N. Am., Inc. All*

*Natural Litig.*, No. 12-MD-2413, 2013 WL 4647512, at * 4 (E.D.N.Y. Aug. 29, 2013) (citing

cases); to any written instrument attached to the pleading as an exhibit pursuant to Rule 10(c); to

statements or documents incorporated by reference in the pleadings; or to documents upon the

terms and effect of which the pleading "relies heavily" and which are, thus, rendered "integral"

thereto.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also*

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016); *Smith v. Hogan*, 794 F.3d

249, 254 (2dCir. 2015); *Tubbs v. Stony Brook Univ.*, No. 15-cv-517, 2016 WL 8650463, at * 4

(S.D.N.Y. Mar. 4, 2016).

     *C.  Leave to Amend*

     "As a general rule, leave to amend a complaint should be freely granted."  *Nesheiwat v.*

*City of Poughkeepsie, N.Y.*, No.11-cv-7072, 2013 WL 620267, at *5 (citing *Jin v. Metro. Life*

*Ins., Co.*, 310 F.3d 84, 101 (2d Cir. 2002)); *see also* Fed. R. Civ. P. 15(a)(2)("The court should

freely give leave when justice so requires.").  It is well-settled that "[a] district court has broad

discretion in determining whether to grant leave to amend," and such determinations are

reviewed for abuse of discretion.  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)

(collecting cases); *see also Pasternack v. Lab. Corp. of Am.*, 892 F. Supp.2d 540, 549 (S.D.N.Y.

2012); *Nesheiwat*, 2013 WL 620267, at *5 (same).

> Where a plaintiff has neither requested leave to amend, nor
> indicated additional facts that would be added to the complaint, a
> court is not required to grant leave to amend *sua sponte.  See
> Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.,*
> 351 F[]. App'x 472, 474 (2d Cir. 2009) ("Given that [the plaintiff]
> did not move for leave to replead in opposition to [the defendant's]
> motion to dismiss his original complaint with prejudice, the district
> court did not abuse its discretion by failing to grant him, *sua
> sponte,* leave to replead."); *Horoshko v. Citibank, N.A.,* 373 F.3d
> 248, 249 (2d Cir. 2004) (finding that the district court "was under
> no obligation to provide [the plaintiffs] with leave to amend their
> complaint, much less provide such leave *sua sponte* where they
> neither requested leave to amend, nor indicated additional facts
> that might lead to a different result).  Nevertheless, "where the
> possibility exists that the defect can be cured, leave to amend at
> least once should normally be granted unless doing so would
> prejudice the defendant." *Laborers Local 17 Health & Ben. Fund
> v. Philip Morris, Inc.,* 26 F. Supp.2d 593, 605 (S.D.N.Y. 1998)
> (citing *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 253 (2d Cir.
> 1991)).

*Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, No. 14-cv-1370, 2015 WL

5439217, at *4 (S.D.N.Y. Sept. 14, 2015); *see also Guary*, 235 F.3d at 801 (stating it is not an

abuse of discretion for a court to allow leave to amend even if not formally requested)(citing

*McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *Oliver Schs., Inc. v. Foley*, 930 F.2d

248, 252-53 (2d Cir. 1991)).

IV.     <u>Discussion</u>

  *A.  Magistrate Judge Shields' Report & Recommendation*

  Magistrate Judge Shields based her recommendation on "the allegations set forth in Plaintiff's Complaint," restating her oral ruling that Plaintiff "allege[d] no wrongdoing on the part of RMF," and highlighting that Plaintiff "specifically [stated] that RMF engaged in no wrongdoing."  (Report at 4 (citing Complaint, ¶ 17).)  The Magistrate Judge rejected Plaintiff's argument "that RMF must be required to say in this action because it is a 'remedy defendant'" since "Plaintiff nowhere show[ed] that RMF possesses the power to effectuate any changes with respect to her mortgage."  (*Id.*)  She further rejected "the notion that RMF will suffer no prejudice if it required to remain in this action," stating the mere fact it "was required to engage counsel and continue to incur fees in a case where Plaintiff alleges no wrongdoing [by RMF] is enough to show prejudice."  (*Id.* at 5.)

  Moreover, Magistrate Judge Shields addressed RMF's willingness to "abide by any judgment or court order requiring it to accomplish any modifications [to Plaintiff's Loan]" and to "advise Celink to do the same" (*id.* at 4 (citing McDermott Aff. (ECF No. 82-5), ¶¶5, 11; Celona Aff. (ECF No. 82-9), ¶5)), but Plaintiff's unwillingness "to enter into any such stipulation with RMF" which would release RMF from this action (*see id.*).  However, she reiterated that because "Plaintiff ha[d] not alleged any actionable conduct on the part of RMF," was not necessary for RMF to make any such representations or "for this Court to consider any facts outside of the Complaint."  (*Id.* at 5.)  Finally, the Magistrate Judge clarified that her dismissal recommendation did not preclude Plaintiff from "seek[ing] any appropriate third-party discovery from RMF" and that it was being made "without prejudice *should discovery reveal any claim of actual liability on the part of RMF*."  (*Id.* (emphasis added).)

B. *The Plaintiff's Objection*

Plaintiff contends she "has sufficiently pled that RMF is a proper and necessary defendant," having "assert[ed] factual allegations and legal claims that establish that RMF purchased the servicing rights and obligations to [Live Well]'s securitized HECM loan portfolio," thereby making it "liable as a successor in interest to [Live Well] and a necessary relief defendant." (Objection at 7.) Hence, she claims the Magistrate Judge erred by recommending RMF "be dismissed from the case because it was not the original wrongdoer" (*id.* at 8 (citing Report)), arguing that RMF is Live Well's "successor in interest" (*see id.* at 8-10 (citing, *inter alia*, Plaintiff's loan agreement to establish that RMF, as Live Well's successor, "is bound to all obligations set forth in th[e] agreement[]")) and, is a "necessary defendant" because, as Celink's principal, it can instruct Celink to "remedy the conduct at issue" (*id.* at 10 (citing Complaint, ¶16); *see also id.* at 11-12 (advancing argument that RMF "fits within the Second Circuit's definition of a relief defendant" and that as such, RMF can facilitate the reversal of Disputed Loan Amount from Plaintiff's Loan)).

Plaintiff further claims that Magistrate Judge Shields erred in finding "Plaintiff did not show that RMF currently possess the power to effectuate any chan[g]e to her mortgage." (*Id.* at 13 (citing Report at 4).) Relying upon HUD and Ginnie Mae regulations, Plaintiff argues RMF is liable for Live Well's wrongful conduct, which it cannot delegate to Celink. (*See id.* at 13-14.) She purports that "Celink serves merely as RMF's agent" and that Magistrate Judge Shields "understood this relationship, but nevertheless failed to hold RMF to its legal obligations" (*id.* at 13 (citing Hr'g Tr. 42:7-11)), even though RMF supposedly acknowledged its principal/agent relationship with Celink (*see id.* at 14 (citing Celona Aff. (ECF No. 82-9), ¶5)).

Moreover, Plaintiff objects to the Magistrate Judge's conclusion that RMF would suffer prejudice if required to remain in this action, arguing RMF plays a "central and necessary role in this case." (*Id.* at 14 (citing Report at 5).) She then asserts that RMF cannot be prejudiced by participating in discovery in the case and, in any event, is the sole source of information regarding its oversight of Celink. (*See id.* at 15.)

Plaintiff would also fault Magistrate Judge Shields for supposedly improperly considering the affidavits of Daniel McDermott ("McDermott"),[3] RMF's Servicing, Foreclosure, and REO Leader, and of Steve Celona ("Celona"),[4] RMF's Chief Financial Officer, claiming "[t]hose declarations opine regarding the contents of contractual documents . . . that were not themselves attached as exhibits [to the Complaint] and cannot properly be the subject of judicial notice, and over which Plaintiff's complaint did not plead." (*Id.* (further citing to Opposition without pincite).) Finally, she maintains it was error for the Magistrate Judge to recommend RMF's Dismissal Motion be granted based upon RMF's representations that it will comply with future orders of the Court. (*See id.* (citing McDermott Aff.; Celona Supp. Aff., and Opposition (without pincite).)

Plaintiff concludes her Objection stating she "will be moving for leave to file an amended pleading" as "[t]he Report recommends its findings without prejudice for Plaintiff to amend her Complaint." (*Id.* at 16.)

---

[3] The Court notes that RMF submitted two affidavits by McDermott, which appear to be duplicative: ECF No. 82-5 (dated Feb. 27, 2019), and ECF No. 82-8 (dated Feb. 27, 2019).

[4] RMF submitted two different affidavits by Celona: ECF No. 82-9, dated March 21, 2019; and ECF No. 82-10, dated May 3, 2019. For clarity, Celona's March affidavit will be cited as the "Celona Aff." and his May affidavit will be cited as the "Celona Supp. Aff."

C.  *RMF's Response*

In response, RMF asserts Magistrate Judge Shields' recommendation of dismissal is

correct because, in her Complaint, Plaintiff "admits that RMF did nothing wrong and seeks no

damages from RMF" (Response at 10), and attempts to re-write her Complaint by raising

arguments of successor and agency liability in her Objection, which should be rejected.  (*See id.*

(citing *Thomas v. City of N.Y.*, No. 12-cv-5061, 2013 WL 3810217, at *3 (E.D.N.Y. July 23,

2013); *Alston v. Sebelius*, No. 13-cv-4537, 2014 WL 4374644, at *4 n.4 (E.D.N.Y. Sept. 2,

2014)).)  Similarly, RMF discounts Plaintiff's reliance on HUD and Ginnie Mae regulations and

guidelines, arguing "none of them have anything to do with successor liability, and they certainly

do not state that, upon acquiring servicing rights, the buyer automatically is deemed liable to

third parties for all wrongdoings of its predecessor." (*Id.* at 10-11.)  Moreover, notwithstanding

Plaintiff's "mischaracterizations of the regulations and guidelines, they do not as a general matter

create obligations or duties on the part of RMF; rather, they provide for rules and regulations by

which a servicer or issuer of a Ginnie [Mae]-backed mortgage must abide for the benefit of

Ginnie Mae." (*Id.* at 11 (citations omitted).)  RMF further contends that "Plaintiff did not allege

. . . , nor does she have a basis to allege now, that RMF assumed any liabilities for Live Well's

alleged wrongdoing." (*Id.* at 12 (further arguing "[i]t is black letter law . . . that a buyer does not

automatically assume the seller's liabilities" (citation omitted)).  Similarly, RMF maintains that

Plaintiff's single, conclusory allegation that "Celink operates as an agent for its principals Live

Well and RMF," is a "boilerplate conclusion" devoid of factual pleadings to support it, which the

Magistrate Judge "properly disregarded." (*Id.* at 12 (quoting Complaint, ¶16).)

RMF further argues that Magistrate Judge Shields was correct in finding RMF was "not a

'remedy defendant' because it cannot effectuate the relief Plaintiff seeks" and, therefore, is not a

necessary party.  (*Id.* at 13 (citing Report at 4-5) (highlighting the absence of any allegations of: wrongdoing on the part of RMF; and, that Celink, an alleged wrongdoing, is incapable of reversing the Disputed Loan Amount from Plaintiff's Loan if so ordered to do so); *see also id.* ("Plaintiff cannot keep RMF in this case as a defendant based on vague and conclusory allegations that on their face fail to establish that RMF is the only party who can implement her requested remedy if she ultimately prevails."); *id.* at 14 (asserting Plaintiff "implicitly acknowledges" that RMF is not the only party who can reverse the Disputed Loan Amount from Plaintiff's Loan balance (citing Complaint, ¶¶ 110, 117, 129)).)  Moreover, since the joinder of a 'relief defendant' is "discretionary and equitable [in] nature," used "'purely' to facilitate collection" (*id.* at 16 (citing *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)), "RMF need not remain a party to this action in order to ensure it will cooperate with a final judgment in this case."  (*Id.* at 16-17 (citing Report at 4).)  Indeed, RMF contends that if required to remain a party in this action, it will continue to be prejudiced, as Magistrate Judge Shields corrected concluded.  (*See id.* at 17 (citing Report at 5, and Fed. R. Civ. P. 20(b)).)

Finally, in response to Plaintiff's assertion that she will move to amend her Complaint as recommended by the Magistrate Judge, RMF asserts that this Court "should adopt Judge Shields' recommendation and allow Plaintiff to seek leave to amend her Complaint against RMF *only if discovery reveals a basis for doing so*."  (*Id.* at 18 (further stating that the Magistrate Judge's recommendation regarding leave to amend was conditions upon discovery revealing any claim of actual liability on the part of RMF (quoting Report at 5)) (emphasis added).)

### D.  The Court's Consideration of Plaintiff's Objections

Having carefully reviewed Plaintiff's Objection, the Court finds none of her objections are sustainable.  First, the Magistrate Judge did not err in recommending that RMF be dismissed

13

from this action because there are no allegations in the Complaint that RMF is Live Well's successor-in-interest. Rather, as repeatedly noted, especially in Magistrate Judge Shield's Report (*see* Report at 4), Plaintiff specifically alleged RMF did not engage in any of the wrongdoing of which she complains. (*See* Complaint, ¶17.) The Supreme Court has instructed that a plausible claim is alleged "when the plaintiff pleads factual content that allows the court to draw the reasonable inference *that the defendant is liable for the misconduct alleged*." *Iqbal*, 556 U.S. at 678 (emphasis added). Here, without any factual content "allow[ing] the [C]ourt to draw the reasonable inference that [RMF] is liable for the misconduct alleged" on any basis, let alone the basis of successor liability, there is no facial plausibility to Plaintiff's claims that "RMF is a damage defendant" as to her First, Second and Third Causes of Action. *Cf.*, *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)), *with* Complaint, ¶¶17, 110, 117, 129. As Magistrate Judge Shields aptly stated, "Plaintiff has not alleged any actionable conduct on the part of RMF." (Report at 5.) Moreover, Plaintiff's reliance in her Objection upon HUD and Ginnie Mae rules and regulations to establish successor-in-interest liability and to rectify the lack-of-actionable-conduct shortcoming of her Complaint is unavailing because one cannot amend a deficient complaint through motion papers. *See Thomas*, 2013 WL 3810217, at *3 ("It is well established that plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to [d]efendants' motion to dismiss") (internal quotation marks and citation omitted); *see also Alton*, 2014 WL 4374644, at *4 n.4 (same; quoting *Thomas*).

14

Second, no error lies in Magistrate Judge Shields' finding that Plaintiff did not allege actionable conduct by RMF, thereby warranting her recommendation that RMF be dismissed from the action.  To the extent Plaintiff argues that RMF is necessary to the action in order to direct Celink to reverse the Disputed Loan Amount if so ordered by this Court, her Complaint is incapable of withstanding RMF's Dismissal Motion because: (1) her contention that Celink is RMF's agent is made in a conclusory manner, devoid of factual allegations supporting that alleged legal conclusion (*see* Complaint, ¶16); and (2) there are no allegations that RMF is the exclusive entity with the ability to facilitate the requested reversal.  As to the first enumerated reason, the *Iqbal* Court instructs district courts to disregard conclusory statements in a complaint. *See Iqbal*, 556 at 679 (instructing courts to initially "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and stating that, while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *see also Twombly*, 550 U.S. at 555 (the court is "not bound to accept as true a legal conclusion couched as a factual allegation")*.*  Here, Plaintiff's allegations as to Celink and RMF are that Celink continues as "servicer or subservicer" of Plaintiff's Loan and that Celink "operates as an agent" for RMF (Complaint, ¶16), which are insufficient; the one does not plausibly support the other, which is an unadorned legal conclusion.  Even if, *arguendo*, that pleading was sufficient to support the conclusion that Celink is RMF's agent, it is not sufficient to support Plaintiff's argument that RMF is necessary to this action in order to direct Celink to reverse the Disputed Loan Amount charged to Plaintiff's Loan because, notwithstanding the assumed truthfulness of the allegation that "RMF is *a* necessary party capable of remedying" the improper charging to the Loan, there are no allegations that it is the *only* entity capable of doing so.  (*See id.* at ¶17 ("On November 15, 2018, Live Well notified Plaintiff that it had sold and

15

assigned Plaintiff's . . . [L]oan to RMF . . . .   As a result, *RMF is a necessary party capable of remedying* Live Wells and Celink's unlawful and inequitable conduct." (emphasis added)); *see also* Report at 4 ("Plaintiff nowhere shows that RMF possess the power to effectuate any changes with respect to her mortgage.").)   That is, as pled, relief is possible without RMF.

Further unavailing is Plaintiff's claimed error that the Report is improperly based upon documents outside the pleadings; the Magistrate Judge clearly stated it was not necessary "to consider any facts outside of the Complaint."  (*Id.*)  To the extent the Magistrate Judge acknowledged in her Report RMF's willingness to "abide by any judgment or court order requiring it to accomplish any modifications [*i.e.*, reverse the Disputed Loan Amount from Plaintiff's Loan balance]" and "advise Celink to do the same" (Report at 4), it was no more than a follow-up to a colloquy the Court and RMF's counsel had at Oral Argument "in an effort to reach a practical resolution of the 'remedy defendant' argument."  (*Id.*)  This Court will not fault a magistrate judge's efforts to explore settlement options with parties, even if raised during a hearing on a dismissal motion.  *See, e.g.*, Fed. R. Civ. P. 1 (instructing that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding")."  Moreover, notwithstanding her citation to affidavits of RMF executives regarding that company's representations (*see* Report at 4 (citing McDermott Aff., ¶11; Celona Aff., ¶5)), it is clear from the record presented that this peripheral discussion included in the Report was not the basis for Magistrate Judge Shields' recommendation.  (*See id.* at 4-5 (stating Plaintiff's unwillingness "to enter into any . . . stipulation with RMF" and noting that "requiring RMF to enter into any such stipulation . . . puts the cart before the horse" since "Plaintiff has not alleged any actionable conduct on the part of RMF" making it "unnecessary for [RMF] to make any representations" or

16

"for this Court to consider any facts outside of the Complaint").)  Therefore, contrary to Plaintiff's assertion that the Magistrate Judge erred by improperly relying upon affidavits outside of the pleadings in making her recommendation,[5] since no improper reliance was had in this instance, there is no basis to sustain this branch of Plaintiff's objection.

To the extent Plaintiff argues that the Magistrate Judge erred by precluding her from seeking discovery from RMF, that faulty argument fails because, in recommending RMF's dismissal from this action, Magistrate Judge Shields also specifically stated that "Plaintiff is free to seek any appropriate third-party discovery from RMF."  (Report at 5.)  Hence, any claimed error resulting from the Magistrate Judge's rejection of Plaintiff's "lack of prejudice to RMF" argument is without merit.  (*Cf.*, Report at 5 (without addressing the issue of discovery, stating "[t]he mere fact that RMF was required to engage counsel and continue to incur fees in a case where Plaintiff alleges no wrongdoing [by RMF] is enough to show prejudice"), *with* Objection

---

[5]  Ironically, in support of her argument that the Magistrate Judge erred in finding Plaintiff did not show RMF possesses the power to effectuate changes to her Loan, she relied upon, *inter alia*, an RMF affidavit to support her contention that RMF "acknowledges that it is the principal that directs its agent Celink."  (Objection at 14 (citing Celona Aff., ¶5).)  That irony aside, it is questionable whether the cited paragraph supports Plaintiff's contention, as it states:

> In the event Plaintiff and Celink and/or Live Well . . . reach a settlement that requires that Plaintiff's Loan file be adjusted so as to remove [the Disputed Loan Amount] in Celink's servicing records, *without agreeing or admitting that it could give such direction*, RMF will not direct Celink to act contrary to any settlement terms requiring Celink to make such adjustments in Celink's servicing records, whether or not RMF is a party to this action.  Moreover, *without agreeing or admitting that such authorization would be required*, RMF is willing to provide Celink with express authorization to make such adjustments to Plaintiff's Loan file in Celink's servicing records, in the event such authorization is requested.

(Celona Aff., ¶5 (emphasis added).)

at 15 (recognizing that "[e]ven if [RMF] is dismissed as a party, it will still be subject to the same discovery requirements as a third party").)

* * *

The Court has considered Plaintiff's remaining arguments in support of her objections to the Report and finds them to be without merit. Having conducted a *de novo* review of the record and finding no error, the Plaintiff's objections are overruled. Magistrate Judge Shields' Report is adopted in its entirely, with RMF being dismissed from this action "without prejudice should discovery reveal any claim of actual liability on the part of RMF." (Report at 5.)

The Court notes that, but for its simultaneous granting of Defendant Celink's motion to dismiss to dismiss pursuant to Rule 12(b)(6) (by separate order of even date), it would find the Magistrate Judge's conditional amendment recommendation to be warranted in this instance because, in one general, conclusory sentence, Plaintiff requested that, if dismissal is granted, she be able to amend her Complaint. (*See* Opp'n at 12.) She neither identified the allegations and causes of action she intended to include in an amended complaint nor "provided the Court with a formal motion setting forth a legal basis for amending h[er] complaint" or "a proposed amended complaint. For these reasons, [a p]laintiff's request may be rightly denied." *Sealy v. State Univ. of N.Y. at Stony Brook*, 408 F. Supp.3d 218, 230 (E.D.N.Y. 2019)(citing *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."), *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013))); *see also Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 403 (2d Cir. 2009) (summary order) (affirming denial of leave to replead where plaintiff, *inter alia*,

18

did not: make a formal motion for leave to amend or proffer an amended complaint for the court's review).

V.      Conclusion

Accordingly, IT IS HEREBY ORDERED that RMF's Dismissal Motion is granted to the extent it seeks its dismissal from this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and denied as moot to the extent it seeks to be severed from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

SO ORDERED this 15th day of September 2020 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge