# Tusa P.C.
ATTORNEYS AND COUNSELORS AT LAW
www.tpcnylaw.com

Southold
New York City

**Joseph S. Tusa**
Attorney at Law
joseph.tusapc@gmail.com

September 29, 2020

**BY ECF FILING AND COURTESY COPY**

The Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Shakespeare v. Live Well Fin, Inc..*, EDNY Case No. 18-cv-07299-SJF-AYS

Dear Judge Shields:

We represent the Plaintiff Shakespeare and proposed new plaintiff Marianne Renois. Plaintiffs submit this letter motion for leave to file an amended complaint pursuant to FED. R. CIV. P. 15, Local Rule 7.1(d) and Judge Feuerstein's Individual Rule §4.H. Plaintiffs' proposed *First Amended Class Action Complaint* is annexed as **Exhibit A** for the Court's consideration. As the Court is aware, Plaintiff Shakespeare has not previously amended her original *Class Action Complaint*. Dkt. 1. However, with the Court's decisions now final concerning Celink's and Reverse Mortgage Funding's ("RMF") motions to dismiss, the time is ripe for Plaintiffs' motion. In those decisions, Judge Feuerstein held that she would not grant a request to amend absent a "formal motion." Dkt. 135 at 23-24. Plaintiffs now file that motion. After notice, Celink opposes Plaintiffs' motion. RMF and the trustee in the LWF bankruptcy have not yet indicated their consent or opposition.

Standard of Review.  "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court and Second Circuit have adopted a liberal view permitting amendment of pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Williams v. Citigroup Inc.*, 659 F.3d 208 (2011); *Jin v. Metro. Life Ins., Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *Davidson v. Cty. of Nassau*, No. CV 18-1182 (GRB), 2020 U.S. Dist. LEXIS 33607, at *9 (E.D.N.Y. Feb. 26, 2020) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.") (Feuerstein, J.; citation omitted). That liberal policy is applied with greater force where the plaintiff has not previously amended. *Id*; *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (When a complaint is dismissed under Rule 12(b)(6), "it is rare that such leave [to amend] should be denied, especially when there has been no prior amendment.") (internal citation to *Foman* omitted). While the district court retains discretion whether to permit amendment, that discretion should favor amendment in the absence of dilatory and undue delay, bad faith or undue prejudice. *Williams*, 659 F.3d at 214. Since those facts are absent, Plaintiffs' motion should be granted.

Summary of proposed Amended Complaint.  The amended complaint remains premised on Celink's, RMF's and LWF's allegedly unlawful policies and practices to pay HECM and reverse mortgage borrowers' property charges, *i.e.*, property taxes and hazard insurance.  Plaintiff

Shakespeare is joined by an additional plaintiff, Marianne Renois, who is the administrator, fiduciary and beneficiary of her deceased father's estate, himself a HECM borrower suffering many of the same violations as Plaintiff Shakespeare. The proposed amended complaint pleads the following claims against Celink, RMF and LWF:

| | |
|---|---|
| Count I: | Breach of Contract, by reason of violations of federal law; |
| Count II: | Breach of Contract, by reason of violations of New York law; |
| Count III: | Breach of Contract, for breach of specific loan agreement provisions; |
| Count IV: | Breach of Contract, for adding false, inflated and unreasonable "attorney fees / costs" to HECM and reverse mortgage loan balances; |
| Count V. | Breach of Duties of Good Faith and Fair Dealing; |
| Count VI: | RESPA and RESPA Regulation X (forced placed insurance; Celink only); |
| Count VII: | RESPA (servicing violations); |
| Count VIII: | Violations of New York General Business Law ("GBL") §349, *et seq.*; and |
| Count IX: | Unjust enrichment. |

While premised on the same or similar subject matter as the original complaint, many of these claims are new to the proposed amendment and were not addressed by the Court's prior dismissal decisions, including the new claims for breach of contract (Counts I, II, IV) and RESPA (Counts VI, VII). In addition, whereas the original complaint named only LWF and RMF as defendants for the lone breach of contract claim, the proposed amendment pleads details demonstrating Celink's agency, delegation and direct role as LWF's and RMF's attorney-in-fact. As a result, Celink is named as a defendant in the amendment for all breach of contract claims. While Counts III, VI, VIII and IX appeared in the original complaint, they have been modified and/or further substantiated with factual pleadings in response to the Court's dismissal decisions.[1] The amendment also includes the claims of a new plaintiff, Marianne Renois (as administrator, fiduciary and beneficiary of her father's estate), who like Ms. Shakespeare, was the victim of improperly added property charges (taxes and insurance) and related fees added by Celink to her parents' HECM loan.

Absent from the proposed amendment are violations of New York GBL §349 premised on the violations of other federal and state laws. Because the Court determined such violations could not serve as a predicate for GBL §349 liability, it did not consider the merits of those alleged violations, including violations of New York Real Property Law §§ 280(2)(f) and 280-a(2)(m) and 24 C.F.R. §125(d), which violations Celink never disputed. Those federal and state violations are pled in the amendment as new claims for breach of contract (Counts I and II), premised on the express adoption in the loan agreements of federal and New York law. The proposed amendment also now pleads RMF's liability as both a direct violator and as the successor by law and contract to LWF, which arguments the Court would not previously consider until pled in a complaint.

The Amended Complaint Pleads Meritorious Claims. The proposed amended complaint pleads claims that are meritorious and therefore not futile. *See Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (defendants bear burden to prove futility). The first two new claims plead breach of contract based on violations of federal and state laws expressly incorporated into standard HECM agreements. *See e.g.,* Dkt. 83-4 (HECM Mortgage) at ¶17. This Court among

---

1. To the extent Plaintiffs repeat any claim fully-considered and dismissed based on the same facts and allegations, they do so to preserve and not abandon the claims for appeal.

others finds that violations of incorporated federal and state law in mortgage agreements pleads valid claims for breach of contract.  *See e.g.*, *Hymes v. Bank of Am., N.A.*, 408 F. Supp. 3d 171, 199 (E.D.N.Y. 2019) (Mauskopf, C.J.; motion to dismiss denied); *Clark v. Bank of Am., N.A.*, 2020 U.S. Dist. LEXIS 31454, *26 (D. Md. Fed. 24, 2020).  Plaintiffs' other new breach claim pleads that Defendants passed-along false, inflated and/or unreasonable fees and costs billed to them by Rosicki, Rosicki & Associates, P.C. against whom the Justice Department made similar allegations. *See Rosicki, Rosicki & Assoc., P.C.*, 318 F. Supp. 3d 680, 700 (S.D.N.Y. 2018) (denying RRA motion to dismiss).  As for the only breach claim repeated from the original complaint (Count III), the amendment pleads substantial additional facts, evidence and admissions in support, including that Plaintiff Shakespeare did not breach her repair rider, that even if she did it cannot possibly provide a contractual bases to pay taxes or file foreclosure and that she paid her taxes timely at all times.

Plaintiffs' new RESPA claims for force placed insurance and servicing violations are likewise meritorious.  For over two years, Plaintiff Renois notified Celink and proved that she maintained hazard insurance on her parents' home. Nevertheless, Celink ignored those notifications and imposed force placed insurance premiums and related fees on the HECM loan.  In July 2020, Celink admitted its error, long after the RESPA 15-day and 30-day refund deadlines, but still has not refunded all the related fees.  Those allegations plead valid RESPA and state deceptive practice statute claims.  *See e.g.*, 12 U.S.C. §§ 2605(e), (f) (k) and (l), 2614; 12 C.F.R. §1024.37(e) and (g); *Wieck v. CIT Grp., Inc.*, 308 F. Supp. 3d 1093, 1103-08 (D. Haw. 2018).  Plaintiffs allege other GBL §349 violations based on false and deceptive statements in form letters and monthly statements.

<u>Plaintiffs' proposed Amendment is not dilatory, unduly delayed or made in bad faith</u>.  Plaintiffs' opposition to Celink's and RMF's motions to dismiss put those parties on notice that Plaintiffs would seek to amend if the motions were granted.  *See* Dkt. 82-6 at 12; 83-13 at 24.  Plaintiffs' FED. R. CIV. P. 72 motions made the same disclosure.  *See* Dkt. 118 at 16; 121 at 24.  Plaintiffs' motion to amend is made within 10 business days of this Court's dismissal decisions and prior to the commencement of discovery.  As discussed above, Plaintiffs' proposed claims are meritorious and not futile or made in bad faith.  While Celink opposes and RMF will likely oppose amendment, neither is unduly prejudiced.  *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'") (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)) (modification in original); *Davidson*, 2020 U.S. Dist. LEXIS 33607, at *9 (undue prejudice generally absent "at this early juncture" when a motion to dismiss granted); *Chang v. Phx. Satellite TV (US), Inc.*, No. 14-CV-2686 (PKC), 2014 U.S. Dist. LEXIS 136535, at *22 (S.D.N.Y. Sep. 19, 2014) ("Expenses that would be incurred in the ordinary course of litigation are not 'significant additional resources' that would give rise to an inference of prejudice."); *Maiaro v. Alarm Specialists, Inc.*, No. 13-cv-08658 (NSR), 2014 U.S. Dist. LEXIS 147545, at *13 (S.D.N.Y. Oct. 15, 2014) (same).

Respectfully yours,

*Joseph S. Tusa*

Joseph S. Tusa

Oren Giskan
**GISKAN SOLOTAROFF & ANDERSON LLP**

Julie Nepveu
Maame Gyamfi
**AARP FOUNDATION**

cc: Counsel of Record (by ECF Filing)
   LWF Bankruptcy Trustee (by email)