

**Jennifer Fiorica Delgado**
Partner

1251 Avenue of the Americas
New York, New York 10020

**T**: 646-414-6962
**F**: 973-597-6313
**E**: jdelgado@lowenstein.com

March 10, 2022

**VIA ECF**
The Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Shakespeare v. Live Well Financial, Inc., et al*; Case No. 2:18-cv-07299 (JMA)(AYS)

Dear Judge Shields:

Pursuant to Rule X.C of Your Honor's Individual Practice Rules, Non-Party Reverse Mortgage Funding, LLC ("RMF") and Defendant Compu-Link Corporation dba Celink ("Celink") (together, "RMF and Celink"), jointly submit this letter to request a pre-motion conference and/or issuance of briefing schedule concerning RMF and Celink's anticipated motions for Rule 11 based on the filing of the pending Motion for Leave to Amend ("Motion to Amend") and the Proposed Amended Complaint ("PAC") filed by Plaintiff Margaret Shakespeare ("Shakespeare").[1] The Motion to Amend briefing was submitted to the Court on January 24, 2022. No hearing date has been set.

On February 4, 2022, RMF served upon Plaintiffs' counsel a Notice of Motion for Rule 11 Sanctions, accompanied by a detailed letter setting forth the many reasons why Plaintiffs' Motion to Amend, including the PAC attached thereto, does not comply with Federal Rule of Civil Procedure 11(b). RMF contends that (1) the PAC was presented for an improper purpose, (2) Shakespeare's claims against RMF are frivolous and without legal merit, and (3) Mayweathers's claims lack any reasonable basis in fact or law. A copy of the RMF's Notice of Motion and related correspondence served upon Plaintiff's counsel is attached hereto as Exhibit A.

On February 15, 2022, Celink served upon Plaintiff's counsel its respective Notice of Motion for Rule 11 Sanctions and accompanying correspondence. Celink contends that Rule 11 sanctions are warranted because (1) Mayweathers's claims lack any factual basis and the PAC omits material factual information about her claims, (2) Plaintiffs' claims manifest a complete disregard for their loan agreement and applicable law, and (3) Plaintiffs' claims suffer from many other legal defects. A copy of Celink's Notice of Motion and related correspondence is attached hereto as Exhibit B.

---

[1]   The PAC seeks to add an additional Plaintiff, Sheila Dancy-Wilkins and Sheila Dancy-Wilkins as Power of Attorney for Flora Mayweathers (together, "Mayweathers"). RMF and Celink refer to Shakespeare and Mayweathers collectively as "Plaintiffs."

The Honorable Anne Y. Shields                                           March 10, 2022
                                                                                                                                                 Page 2

The 21-day safe harbor imposed by Rule 11(c)(1) has expired for both RMF's and Celink's contemplated motions. On February 24, 2022, before either of the applicable safe harbor periods had expired, Plaintiffs' counsel informed counsel for RMF and Celink that Plaintiff would not be withdrawing the Motion to Amend. Plaintiff's' counsel requested that RMF and Celink refrain from filing their respective Rule 11 motions (collectively, "Rule 11 Motions") until after the Court rules on the pending Motion to Amend to "conserve judicial resources." Based on this communication we expect Plaintiff's counsel will ask the Court to refrain from setting a briefing schedule until after the Motion to Amend is decided.

The interests of judicial economy and applicable legal authority support RMF's and Celink's request that the Court set a briefing schedule that allows their Rule 11 Motions to be submitted to the Court as soon as possible. The advisory committee notes to Rule 11 provide that a "party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." *See also* Schwarzer, *Sanctions Under the New Federal Rule 11*, 108 F.R.D. 181, 197-98 (1985) ("To avoid the risk, or the appearance of relying on hindsight, the decision on sanctions is best made as promptly as possible after the violation is disclosed. Prompt action helps enhance the credibility of the rule and, by deterring future abuse, achieve its therapeutic purpose."). The Rule 11 advisory notes further provide that "[t]he time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the . . . case of motions [the issue of Rule 11 sanctions will normally be decided] at the time when the motion is decided or shortly thereafter."

The Motion to Amend and related briefs were filed with the Court on January 24, 2022. For the Court to decide the Rule 11 Motions "at the time when the [offending] motion is decided or shortly thereafter," the Rule 11 briefing process must begin promptly. The interests of efficiency and judicial economy also favor issuance of a briefing schedule so that (i) counsel can prepare their briefs near in time to when they prepared their briefs in connection to Plaintiffs' Motion to Amend and Rule 11 Notices of Motion and related correspondence, while the various issues pertaining to these documents are still fresh in their minds, and (ii) the Court, in its discretion, can consider all of the various issues raised by the Motion to Amend close in time. Delaying the setting of a briefing schedule would only cause the parties and the Court to waste time and judicial resources relitigating the issues raised by the offending documents at some point in the future.

Respectfully submitted,

| | |
|---|---|
| */s/ Jennifer Fiorica Delgado* | */s/ Jennifer L. Gray* |
| Jennifer Fiorica Delgado | Jennifer L. Gray |
| **LOWENSTEIN SANDLER LLP** | **FOSTER GARVEY LLP** |
| 1251 Avenue of the Americas | 100 Wall Street |
| New York, New York 10020 | New York, NY 10005 |
| Tel: (212) 262-6700 | Tel: 212-878-790 |
| Email: jdelgado@lowenstein.com | Email: jennifer.gray@foster.com |
| ***Attorneys for Non-party Reverse Mortgage Funding, LLC*** | ***Attorneys for Defendant Compu-Link Corporation d/b/a Celink*** |

cc: All Counsel of Record (via ECF)

30550/21
3/10/22 211109153.2